IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WOLFSPEED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 26-818 (GBW) |
| NAVITAS SEMICONDUCTOR CORPORATION, NAVITAS SEMICONDUCTOR IRELAND, LLC, GENESIC SEMICONDUCTOR LLC, AND NAVITAS SEMICONDUCTOR USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION**
**TO DISMISS PLAINTIFF'S COMPLAINT**


OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*


August 28, 2026

# TABLE OF CONTENTS

**Page**


I. NATURE AND STAGE OF THE PROCEEDINGS ....... 1

II. SUMMARY OF ARGUMENT ....... 3

III. STATEMENT OF FACTS ....... 3

IV. LEGAL STANDARDS ....... 3

V. ARGUMENT ....... 4

A. The Complaint Does Not Sufficiently Plead Infringement ....... 5

1. Plaintiff Fails To Adequately Plead A Claim Of Direct Infringement For Any Patent ....... 5

a) Plaintiff's Infringement Allegations For The '392 Patent Are Implausible Given Its Own Statements To The Patent Office During Prosecution ....... 6

b) Plaintiff's Infringement Allegations For The '005 Patent Reduce To A Red Arrow Indicating Nothing Specific ....... 9

c) The Red Arrow Returns For Plaintiff's Inadequate Allegations For The '418 Patent ....... 11

d) Plaintiff's Inability To Identify The Claimed Relative Doping Concentrations Or The Regions Containing Them Shows It Has Not Adequately Pled Infringement Of The '396 Patent ....... 12

e) The Claim Chart Again Ignores Claim Requirements Of The '443 Patent And Identifies Nothing That Allegedly Infringes ....... 14

2. Plaintiff Fails To Adequately Plead A Claim Of Indirect Infringement For Any Patent ....... 15

B. The Complaint Does Not State A Claim For Pre-Suit Damages ....... 16

1. Plaintiff Fails To Sufficiently Plead Compliance With The Marking Statute ....... 17

2. Plaintiff Fails To Plead Navitas Otherwise Had Actual Notice Of Alleged Infringement Of The Asserted Patents by April 10, 2026 ....... 18

VI. CONCLUSION ....... 20

**TABLE OF AUTHORITIES**

**Page(s)**

*AlexSam v. Aetna*,
119 F.4th 27 (Fed. Cir. 2024) ....................6

*Amsted Indus. v. Buckeye Steel Castings*,
24 F.3d 178 (Fed. Cir. 1994) ....................18

*Arctic Cat v. Bombardier Recreational Prods.*,
876 F.3d 1350 (Fed. Cir. 2017) ....................4, 16, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................3, 7, 11, 12, 15

*Bayer AG v. Elan Pharm. Rsch.*,
212 F.3d 1241 (Fed. Cir. 2000) ....................6

*Bench Walk Lighting v. LG Innotek Co.*,
530 F. Supp. 3d 468 (D. Del. 2021) ....................19

*Bos. Sci. Corp. v. Nevro Corp.*,
415 F. Supp. 3d 482 (D. Del. 2019) ....................6, 16

*Bot M8 LLC v. Sony Corp.,*
4 F.4th 1342 (Fed. Cir. 2021) ....................4, 6

*Commil USA v. Cisco Sys.*,
575 U.S. 632 (2015) ....................18

*CommScope Techs. v. Dali Wireless*,
10 F.4th 1289 (Fed. Cir. 2021) ....................9

*Deere & Co. v. AGCO Corp.*,
C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ....................19

*DIFF Scale Operation Rsch. v. MaxLinear*,
C.A. No. 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7, 2020) ....................4

*Doe v. Princeton Univ.*,
30 F.4th 335 (3d Cir. 2022) ....................3

*Dunlap v. Schofield*,
152 U.S. 244 (1894) ....................16

*Duvall Espresso IP Enf't v. Meticulous Home*,
C.A. No. 24-22-CJB, 2026 WL 578768 (D. Del. Mar. 2, 2026) ....................4

*Express Mobile v. Liquid Web*,
C.A. No. 18-1177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ....................4, 16, 17

*Helios Streaming v. Vudu*,
C.A. No. 19-1792-CFC/SRF, 2020 WL 3167641 (D. Del. June 15, 2020) ......................19

*Kyocera Senco v. Int'l Trade Comm'n*,
22 F.4th 1369 (Fed. Cir. 2022) ..........................................................................15

*Limelight Networks v. Akamai Techs.*,
572 U.S. 915 (2014) ..........................................................................................15

*Nexus Pharms. v. Exela Pharma Scis.*,
C.A. No. 22-1233-GBW, D.I. 17 (D. Del. June 13, 2023) ...........................6, 7, 11, 12, 15

*Olink Proteomics AB v. Alamar Bioscis.*,
C.A. No. 23-1303-MN, 2025 WL 275604 (D. Del. Jan. 23, 2025) ................................3, 4

*Omega Eng'g v. Raytek*,
334 F.3d 1314 (Fed. Cir. 2003) ...................................................................6, 8, 9

*Roche Diabetes Care v. Trividia Health*,
C.A. No. 24-668-GBW, D.I. 62 (D. Del. Feb. 7, 2025) ............................10, 12, 14, 16, 17

*SIPCO v. Streetline*,
230 F. Supp. 3d 351 (D. Del. 2017) ...................................................................14

*Sound View Innovations v. Facebook*,
204 F. Supp. 3d 655 (D. Del. 2016) .....................................................................8

*Spin Master, Ltd. v. Aomore-US*,
No. 23 Civ. 7099 (DEH), 2024 WL 3030405 (S.D.N.Y. June 17, 2024) .........................17

*Staton Techiya v. Harman Int'l Indus.*,
734 F. Supp. 3d 354 (D. Del. 2024) ...............................................................4, 14

*Valinge Innovation Ab v. Halstead New England Corp*,
C.A. No. 16-1082-LPS-CJB, 2017 WL 5196379 (D. Del. Nov. 9, 2017) ..................18, 19

*Warner-Jenkinson Co. v. Hilton Davis*,
520 U.S. 17 (1997) ...............................................................................................6

**OTHER AUTHORITIES**

35 U.S.C. § 271 ................................................................................................5, 16

35 U.S.C. § 287........................................................................................3, 4, 16, 17, 18

Fed. R. Civ. P. 12 .........................................................................................3, 7, 20

## I. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case. Plaintiff Wolfspeed asserts five patents relating to silicon carbide and gallium nitride power semiconductor devices: U.S. Patent Nos. 10,749,443 ("'443 Patent"); 11,888,392 ("'392 Patent"); 8,169,005 ("'005 Patent"); 10,998,418 ("'418 Patent"); and 10,886,396 ("'396 Patent"). Defendants Navitas Semiconductor and its affiliates are pioneers in wide bandgap technologies driving innovation across AI data centers, energy and grid infrastructure, performance computing, and industrial electrification. Navitas has over 300 issued or pending patents protecting its proprietary technology.

This lawsuit follows correspondence between the parties. Plaintiff sent Navitas a letter on April 10, 2026, which Navitas' response letter dated April 23, 2026 pointed out (i) never formally accuses any Navitas product of infringing any Wolfspeed patent and (ii) lacked a legally cognizable infringement analysis. Wolfspeed's subsequent May 11, 2026 letter "provided claim charts." Compl. ¶ 39. Navitas responded on July 2, 2026 with its own claim charts showing how each and every Wolfspeed asserted patent claim was invalid. Wolfspeed filed this lawsuit anyway.

The Complaint should be dismissed in its entirety because it fails to adequately plead a patent infringement claim. The vague charts attached to the Complaint do not plausibly plead infringement and in some instances preclude infringement. For example, the '392 Patent requires that "the power converter module is devoid of a baseplate." Ex. 2 ('392 Patent) at 9:37-38.[1] Plaintiff points to a copper plate to state Navitas' product is "devoid of a baseplate," yet it told the Patent Office the exact opposite to win allowance of its patent—that a copper plate in the Otake prior art "is… a baseplate":

[1] Exhibits 1-10 cited herein refer to the exhibits attached to the Complaint (D.I. 1).




OTAKE Figure 30

*Compare* Ex. 7 at 4, *with* Ex. A ('392 File History) at 20 (both excerpted and annotated). Prosecution disclaimer prevents such flip flopping. The remainder of Plaintiff's claim charts fare no better, with its arrow annotations often pointing to nothing specific at all:




Ex. 8 at 5; Ex. 9 at 3-4; Ex. 10 at 6; Ex. 6 at 7 (excerpted; patent numbers added).

Because the Complaint has failed to plead any instance of direct infringement, its indirect infringement claims by inducement must also be dismissed.

Finally, the Complaint's claims for pre-suit damages before Plaintiff's second, May 11, 2026 letter must be dismissed because the Complaint does not plead Navitas' actual or constructive notice of the alleged infringement before the date of Plaintiff's second letter.

## II. SUMMARY OF ARGUMENT

All Counts I through V of the Complaint should be dismissed. Specifically:

1. All direct patent infringement claims should be dismissed because the Complaint fails to plead any claim of direct infringement. Plaintiff's conclusory and vague claim charts do not show each-and-every claim limitation is present in the Accused Products, literally or equivalently, and in fact show the opposite.

2. All induced patent infringement claims should be dismissed because Plaintiff fails to plead an instance of direct patent infringement.

3. Any claim for pre-suit damages before the date of Plaintiff's May 11, 2026 letter should be dismissed because Plaintiff has not met its burden to plead: (i) patent marking under 35 U.S.C. § 287(a); or (ii) Navitas' actual, pre-suit notice of the alleged infringement of any patent before that date.

## III. STATEMENT OF FACTS

*See* Section I. Additional facts are incorporated in the sections below as appropriate.

## IV. LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A Court may "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Doe v. Princeton Univ*., 30 F.4th 335, 342 (3d Cir. 2022) (citation omitted).

"To state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s)." *Olink Proteomics AB v. Alamar Bioscis.*, C.A. No. 23-1303-MN, 2025 WL

275604, at *3 (D. Del. Jan. 23, 2025) (citation omitted), *adopted by,* 2025 WL 459697, at *1 (D. Del. Feb. 11, 2025). "A complaint sufficiently pleads direct infringement when the allegations provide the defendant with 'fair notice of infringement of the asserted patents.'" *Duvall Espresso IP Enf't v. Meticulous Home*, C.A. No. 24-22-CJB, 2026 WL 578768, at *13 (D. Del. Mar. 2, 2026) (quoting *Disc Disease Sols. v. VGH Sols.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)). "There needs to be something set out beyond a legal conclusion—i.e., some *facts* alleged that show why it is *plausible* that the products infringe." *DIFF Scale Operation Rsch. v. MaxLinear*, C.A. No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020) (original emphases), *adopted by,* 2020 WL 6867103, at *1 (D. Del. Nov. 23, 2020).

"A plaintiff can prevail on claims of induced infringement only if it first establishes direct infringement." *Staton Techiya v. Harman Int'l Indus.*, 734 F. Supp. 3d 354, 364 (D. Del. 2024).

Pleading a claim of pre-suit damages "requires pleading compliance with the marking statute" or actual notice of infringement. *See Express Mobile v. Liquid Web*, C.A. No. 18-1177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019); *Arctic Cat v. Bombardier Recreational Prods.*, 876 F.3d 1350, 1365-66 (Fed. Cir. 2017); 35 U.S.C. § 287(a).

**V. ARGUMENT**

The conclusory allegations in Counts I through V of the Complaint fail to plead a cognizable patent infringement claim for any of the five Asserted Patents. For example, alleging a product purportedly meets the claim requirement "devoid of a baseplate" by pointing a single red arrow at a product's copper plate after telling the Patent Office the exact opposite to win allowance of its patent is "actually *inconsistent* with and contradict[s] infringement" and "insufficient to state a plausible claim." *Bot M8 LLC v. Sony Corp.,* 4 F.4th 1342, 1354 (Fed. Cir. 2021) (original emphasis). Plaintiff's other red arrows and vague allegations fare no better.

Plaintiff's inability to allege direct infringement, literally or equivalently, of any Asserted Patent also dooms its contingent claims based on induced infringement.

Even if the court finds any of these patent infringement claims in Counts I through V plausible, dismissal is warranted for any damages claim before May 11, 2026 because Plaintiff fails to plead patent marking or actual notice before that date.

### A. The Complaint Does Not Sufficiently Plead Infringement

The Complaint fails to adequately plead direct or indirect patent infringement for any of the five Asserted Patents. Plaintiff's inability to plead direct infringement under Section 271(a), either literally or equivalently, for any Count also defeats its allegations of induced infringement under Section 271(b).

Plaintiff's allegations of direct infringement in all five Counts are deficient. Count II ('392 Patent) fails as implausible based on its prior statements made to the Patent Office under the doctrine of prosecution disclaimer. Counts III and IV ('005 and '418 Patents) provide barebones recitals of the asserted claim language with ambiguous arrows. Count V ('396 Patent) fails to explain how the accused Navitas product meets all the claim limitations, including providing no facts to support that the accused product meets the "doping concentration" claim requirement. Count I ('443 Patent) is likewise barebones and improperly attempts to use the alleged factual support for one limitation to support a separate limitation.

#### 1. Plaintiff Fails To Adequately Plead A Claim Of Direct Infringement For Any Patent

Plaintiff's direct infringement allegations are deficient because Plaintiff provides no factual support for its allegations despite including claim charts that purportedly mapped claim elements to Navitas' Accused Products. *See* Compl. ¶¶ 42, 49, 56, 63, 70 (referencing claim charts).

To establish infringement, the accused product must embody every element of a claim, either literally or by an equivalent. *Warner-Jenkinson Co. v. Hilton Davis*, 520 U.S. 17, 40 (1997). "Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim(s). If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Rsch.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000) (internal citation omitted). "To plead direct patent infringement, a plaintiff must allege facts 'that plausibly indicate the accused products contain each of the limitations found in the claim.'" *Bos. Sci. Corp. v. Nevro Corp*., 415 F. Supp. 3d 482, 489 (D. Del. 2019) (citation omitted). "[A] patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly*/*Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element." *Nexus Pharms. v. Exela Pharma Scis.*, C.A. No. 22-1233-GBW, D.I. 17 (Ex. B) at 4-5 (D. Del. June 13, 2023) (citation omitted).

**a) Plaintiff's Infringement Allegations For The '392 Patent Are Implausible Given Its Own Statements To The Patent Office During Prosecution**

Count II should be dismissed because Plaintiff pleads facts that are inconsistent with the requirements of the '392 Patent claims. Compl. ¶¶ 47-53. "[A] patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *AlexSam v. Aetna*, 119 F.4th 27, 35 (Fed. Cir. 2024) (quoting *Bot M8 LLC*, 4 F.4th at 1346). Here, Plaintiff points to a copper plate to allege infringement, contradicting its prior statement to the Patent Office that the presence of a copper plate showed the claim was not satisfied. *Omega Eng'g v. Raytek*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) ("But where the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meaning of the claim congruent with the scope of the surrender.")

Asserted Claim 1 of the ’392 Patent requires that “the power converter module is devoid of a baseplate.” Ex. 2 (’392 Patent) at 9:37-38; Ex. 7 at 4. To allege infringement, the Complaint provides an “infringement claim chart” in “Exhibit 7.” Compl. ¶ 49. This is the entirety of Plaintiff’s pleading that Navitas’ products satisfy the “devoid of a baseplate” limitation:

<table>
<tr>
<td>[1d] wherein the power converter module is devoid of a baseplate.</td>
<td>The Navitas SiCPAK™ Module G3F09MT12FB2 has a power converter module that is devoid of a baseplate.<br><br>For example, the Navitas SiCPAK™ Module G3F09MT12FB2 is devoid of a baseplate, as shown below.<br><br><br></td>
</tr>
</table>

Ex. 7 at 4; *see also id.* at 3 (accusing 3-layer structure with copper base plate). Plaintiff does not explain or otherwise plausibly allege how the structure it points to with the red arrow is “devoid of a baseplate.”

Plaintiff’s conclusory assertion that “the Navitas SiCPAK™ Module G3F09MT12FB2 is devoid of a baseplate,” Ex. 7 at 4, while nevertheless providing a red arrow pointing to a base plate layer within the product structure is plainly insufficient, *e.g.*, *Iqbal*, 556 U.S. at 678 (“Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.”); *Nexus Pharms.*, Ex. B at 4-5 (Patent infringement claim does not meet “the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element.” (citation omitted)).

To the extent Plaintiff contends that the structure pointed to by the red arrow is not a base plate, which is unclear, the allegation is also facially implausible in view of Plaintiff’s statements during the Patent Office prosecution of the ’392 Patent. “In deciding a Rule 12(b)(6) motion, a

court…. may also take judicial notice of the prosecution histories, which are 'public records.'" *Sound View Innovations v. Facebook*, 204 F. Supp. 3d 655, 658 (D. Del. 2016) (citations omitted).

During prosecution, the Patent Examiner rejected Claim 1 as anticipated by U.S. Patent App. Pub. No. 2016/0308523 to Otake. Ex. A ('392 File History) at 2-3. The Examiner found that Otake's "power converter module is devoid (completely without) of a baseplate." *Id.* at 3. Plaintiff presented Otake's Figure 30 and represented that Otake did, in fact, have a baseplate: "it appears the copper plate layer 10 a is configured as a baseplate":

FIG. 30




OTAKE Figure 30 reproduced with annotations added.

Ex. A ('392 File History) at 20 (annotated).

Plaintiff's representations to the Patent Office show the implausibility of its infringement allegations. *See Omega Eng'g*, 334 F.3d at 1324. After telling the Patent Office that a "copper plate layer 10 a is… a baseplate," it now purports to allege that a copper plate in the accused products shows "the Navitas SiCPAK™ Module G3F09MT12FB2 is devoid of a baseplate":



OTAKE Figure 30

*Compare* Ex. 7 at 4, *with* Ex. A ('392 File History) at 20 (both excerpted and annotated).

A patent claim must be read the same way for infringement and validity. A "patent may not, like a nose of wax, be twisted one way to avoid anticipation and another to find infringement." *CommScope Techs. v. Dali Wireless*, 10 F.4th 1289, 1299 (Fed. Cir. 2021). Plaintiff's irreconcilable positions show the facial implausibility of Plaintiff's infringement allegation in Count II. *See, e.g.*, *Omega Eng'g*, 334 F.3d at 1324 (finding patentee narrowed claim scope through prosecution disclaimer).

**b) Plaintiff's Infringement Allegations For The '005 Patent Reduce To A Red Arrow Indicating Nothing Specific**

Plaintiff's meaningless allegations for the '005 Patent also do not adequately plead patent infringement for Count III. Compl. ¶¶ 54-60. Asserted Claim 15[f] contains numerous distinct requirements in a specific configuration:

> a plurality of insulating spacer layers, a first of said spacer layers interposed between a first of said field plates and said active region, others of said spacer layers on said first field plate

Ex. 3 ('005 Patent) at 13:26-29. These include:

- "plurality of insulating spacer layers,"
- a "first… spacer layers,"
- "field plates,"
- "first of said field plates," and
- an "active region."

*Id.* The Exhibit 8 infringement claim chart alleging all claim requirements are met offers one red arrow pointing to nothing specific:

| Claim 15 | Navitas GaNFast® NV6115 |
|---|---|
| [15f] a plurality of insulating spacer layers, a first of said spacer layers interposed between a first of said field plates and said active region, others of said spacer layers disposed on said first field plate; | The Navitas GaNFast® NV6115 has a plurality of insulating spacer layers, a first of said spacer layers interposed between a first of said field plates and said active region, others of said spacer layers disposed on said first field plate.<br>For example, the Navitas GaNFast® NV6115 has a plurality of insulating spacer layers with a first spacer layer interposed between a first field plate and the active region, and others of said spacer layers disposed on said first field plate, as shown below.<br><br> |

Ex. 8 at 5; *see also* Compl. ¶ 56 (allegations based on "infringement claim chart" in "Exhibit 8").

Given that Plaintiff decided to address Claim 15[f], it must provide some explanation and/or annotation explaining the facts supporting its allegation that each of its requirements are met. *E.g.*, *Roche Diabetes Care v. Trividia Health*, C.A. No. 24-668-GBW, D.I. 62 (Ex. C) at 11 (D. Del. Feb. 7, 2025) (granting motion to dismiss because "illustrations and corresponding annotations for the '871 patent fail to provide sufficient factual detail"). It cannot credibly allege

there are a "plurality of insulating spacer layers" or "field plates" without identifying them. *Id.* at 11 (patent claim requiring "at least four electrodes" inadequately pled where "Answer and Counterclaims merely annotates a 'four electrode pattern' without identifying the electrodes.").

Plaintiff "cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element." *Nexus Pharms.*, Ex. B at 4-5; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**c) The Red Arrow Returns For Plaintiff's Inadequate Allegations For The '418 Patent**

Similar inadequate pleading problems also infect Count IV for the '418 Patent. Compl. ¶¶ 61-67. Asserted Claim 1[b] requires in part a:

> gate electrode structure comprising a gate finger that is separated from the wide bandgap semiconductor layer structure by a gate insulating finger that has a substantially uniform thickness in a direction that is perpendicular to a plane defined by the upper surface of the wide bandgap semiconductor layer structure.

Ex. 4 ('418 Patent) at 23:52-58. Plaintiff's Exhibit 9 infringement claim chart again deploys a single red arrow pointing to nothing specific to allege all of these claim requirements are met:

| Claim 1 | Navitas GeneSiC™ MOSFET G3F18MT12K |
|---|---|
| structure by a gate insulating finger that has a substantially uniform thickness in a direction that is perpendicular to a plane defined by the upper surface of the wide bandgap semiconductor layer structure; | layer structure by a gate insulating finger having a substantially uniform thickness perpendicular to a plane defined by the upper surface of the wide bandgap semiconductor layer structure, as shown below.   |

Ex. 9 at 3-4; *see also* Compl. ¶ 63 (discussing "infringement claim chart" in "Exhibit 9").

Plaintiff's red arrow does not provide the necessary facts to identify the claimed "gate insulating finger" let alone its specific requirements of "a substantially uniform thickness in a direction that is perpendicular to a plane defined by the upper surface of the wide bandgap semiconductor layer structure." Ex. 9 at 3-4; *Roche Diabetes*, Ex. C at 11 ("illustrations and corresponding annotations" in claim chart insufficient to plead infringement). Count IV does not meet the standard for pleading patent infringement. *E.g.*, *Nexus Pharms.*, Ex. B at 4-5; *see Iqbal*, 556 U.S. at 678.

**d) Plaintiff's Inability To Identify The Claimed Relative Doping Concentrations Or The Regions Containing Them Shows It Has Not Adequately Pled Infringement Of The '396 Patent**

Likewise, Plaintiff's allegations for Claim 17[e] of the '396 Patent lack any factual support. Compl. ¶¶ 68-74. Asserted Claim 17[e] requires in part:

> at least one well region having a recessed portion… wherein the recessed portion of the at least one well region has a doping concentration that is less than a doping concentration of the at least one well region

Ex. 5 ('396 Patent) at 15:5-12. Plaintiff's Exhibit 10 infringement claim chart includes three arrows, but apparently no arrow for the "doping concentration" limitation:

| Claim 17 | Navitas GeneSiC™ MOSFET G3R30MT12K |
|---|---|
| [17e] at least one well region of a second conductivity type within the transistor device and adjacent to the at least one source region, the at least one well region having a recessed portion below the at least one source region and extending from the at least one well region by a depth sufficient to reduce an electrical field on a gate oxide on the gate, wherein the recessed portion of the at least one well region has a doping concentration that is less than a doping concentration of the at least one well region, and the at least one well region forms a trench in an upper surface of the transistor device, the trench extending to a trench depth that is less than a well region depth of the at least one well region and greater than a source region depth of the at least one source region. | The Navitas GeneSiC™ MOSFET G3R30MT12K has at least one well region of a second conductivity type within the transistor device and adjacent to the at least one source region, the at least one well region having a recessed portion below the at least one source region and extending from the at least one well region by a depth sufficient to reduce an electrical field on a gate oxide on the gate, wherein the recessed portion has a doping concentration less than the doping concentration of the at least one well region, and the at least one well region forms a trench in an upper surface of the transistor device extending to a trench depth less than the well region depth and greater than the source region depth.<br>For example, the Navitas GeneSiC™ MOSFET G3R30MT12K has at least one well region (green arrow) of a second conductivity type within the transistor device and adjacent to the at least one source region, the at least one well region having a recessed portion (red arrow) below the at least one source region and extending from the at least one well region by a depth sufficient to reduce an electrical field on a gate oxide on the gate, wherein the recessed portion has a doping concentration less than the doping concentration of the at least one well region, and the at least one well region forms a trench (blue arrow) in an upper surface of the transistor device extending to a trench depth less than the well region depth and greater than the source region depth, as shown below.<br> |

Ex. 10 at 6; *see also* Compl. ¶ 70 (discussing "infringement claim chart" in "Exhibit 10").

The chart never identifies any "doping concentration," let alone how this image shows that the "recessed portion of the at least one well region has a doping concentration that is less than a doping concentration of the at least one well region." *Compare* Ex. 10 at 6-7, *with* Ex. 5 ('396 Patent) at 15:3-17 (asserted Claim 17[e]). Further, Plaintiff's colorful arrows also never specifically identify the specific "well region" or the "recessed portion" in the claim so that the claimed relative doping concentrations could be compared. Ex. 10 at 6. In this case, the lack of

specificity does not appear accidental because identifying the well region and the separate recessed portion of the well region would illustrate both the arbitrary nature of any such identification and the implausibility of having a recessed portion ***of the well region*** that has a doping concentration less than that of ***the well region*** of which it is a part. The latter point is like saying that the lower portion of coffee in a cup has a lower concentration of coffee than the coffee in the cup. Although the wording raises questions of indefiniteness to be addressed at a later date, this motion addresses Plaintiff's failure to plausibly plead infringement.

Given the absence of any specificity in Plaintiff's allegations and annotations, Count V alleging infringement of the '396 Patent should likewise be dismissed. *See, e.g.*, *Staton Techiya*, 734 F. Supp. 3d at 376-77 (dismissing an infringement claim for failure to adequately allege facts supporting the accused device met all the claim limitations); *SIPCO v. Streetline*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (dismissing where the "complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products."); *Roche Diabetes*, Ex. C at 11 (claim chart consisting of "illustrations and corresponding annotations" insufficient to plead infringement).

#### e) The Claim Chart Again Ignores Claim Requirements Of The '443 Patent And Identifies Nothing That Allegedly Infringes

Plaintiff also fails to adequately plead infringement of the '443 Patent. Plaintiff's claim chart for asserted Claim 27[g] acknowledges that the claim requires a "power module [that] is structured, arranged and configured to reduce inductance." Ex. 6 at 7; Ex. 1 ('443 Patent) at 40:51-52; *see also* Compl. ¶ 42 (allegations based on "infringement claim chart" in "Exhibit 6"). The chart skips over this requirement and never identifies how the accused product "is structured, arranged and configured to reduce inductance." Ex. 6 at 7. "[M]erely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element"

does not save this Count from a motion to dismiss. *See, e.g.*, *Nexus Pharms.*, Ex. B at 4-5; *see Iqbal*, 556 U.S. at 678.

Plaintiff's red arrow to a "stray inductance" does not remedy the error:

> The Navitas SiCPAK™ Module G3F09MT12FB2 has a power module that is structured, arranged, and configured to reduce inductance, and wherein the inductance comprises a total stray inductance value of a critical power switching loop of the power module that comprises a range of 12 (nH) to 2 (nH).
>
> For example, the Navitas SiCPAK™ Module G3F09MT12FB2 has a power module that is structured, arranged, and configured to reduce inductance, and wherein the inductance comprises a total stray inductance value of a critical power switching loop of the power module that comprises a range of 12 (nH) to 2 (nH), as shown below.




Ex. 6 at 7. Plaintiff apparently cited that "stray inductance" in an effort to satisfy a separate claim limitation that "a total stray inductance value of a critical power switching loop of the power module that comprises a range of 12 (nH) to 2 (nH)." Ex. 1 ('443 Patent) at 40:53-55. Because "[t]he asserted claims list those elements separately…. [t]here is, therefore, a presumption that those components are distinct" and cannot be satisfied by the same disclosure. *E.g.*, *Kyocera Senco v. Int'l Trade Comm'n*, 22 F.4th 1369, 1382 (Fed. Cir. 2022) (separately claimed components cannot be met by the same disclosure).

Because Plaintiff has not plausibly alleged that Navitas' products include each and every limitation of Claim 27 of the '443 Patent, Count I should be dismissed as well.

### 2. Plaintiff Fails To Adequately Plead A Claim Of Indirect Infringement For Any Patent

"[I]nducement liability may arise if, but only if, there is direct infringement." *Limelight Networks v. Akamai Techs.*, 572 U.S. 915, 921 (2014) (citation modified). Because Plaintiff failed to allege any act of direct infringement as explained in the preceding section, it cannot plausibly

allege any claim of indirect patent infringement under 35 U.S.C. § 271(b). *Supra* § I.A.1; *see Bos. Sci. Corp.*, 415 F. Supp. 3d at 492 (ordering dismissal of induced and contributory infringement claims where direct infringement was not plausibly pled). Plaintiff's induced infringement allegations should therefore be dismissed.

### B. The Complaint Does Not State A Claim For Pre-Suit Damages

Even if the Court determines the Complaint has adequately pled one or more patent infringement claims in Counts I-V, it should nonetheless dismiss Plaintiff's claim for pre-suit damages before the May 11, 2026 letter. The Complaint asks for "[a]n award of all damages sufficient to fully compensate Plaintiff for past infringement." Compl. at 17 (prayer for relief). Yet Plaintiff has failed to sufficiently plead actual notice or patent marking sufficient to recover pre-suit damages for "past infringement" before the date of its May 11, 2026 letter. *See generally* Compl. at 17; *Arctic Cat*, 876 F.3d at 1365-66.

"Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat,* 876 F.3d at 1365; 35 U.S.C. § 287(a). To recover past damages, a patent owner must plead actual notice or patent marking. *Arctic Cat*, 876 F.3d at 1365; *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("[T]he duty of alleging and the burden of proving either of [marking the articles or notice to the infringers] is upon the plaintiff."). Otherwise, its claim for damages should be dismissed. *Roche Diabetes*, Ex. C at 13 (dismissing pre-suit damages claim for failure to allege pre-suit notice of expired patent); *Express Mobile*, 2019 WL 1596999, at *2 (dismissing claim for past damages where "Plaintiff has failed to plead compliance with the marking statute").

Here Plaintiff does not plead marking for three counts, and its allegations for marking for the two remaining counts are deficient. Further, its additional allegations also fail to adequately

plead Navitas' actual notice of infringement before its May 11, 2026 letter. For these reasons, Plaintiff's claim for pre-suit damages before May 11, 2026 should be dismissed.

**1. Plaintiff Fails To Sufficiently Plead Compliance With The Marking Statute**

The Complaint either makes no patent marking allegation, or inadequate allegations, for each of the Asserted Patents.

Counts III-V never allege Plaintiff marked their products with the '005, '418, or '396 Patents. *See* Compl. ¶¶ 59, 66, 73. Nor could it because none of these three patents are included on Wolfspeed's patent website cited in the Complaint. *See* https://www.wolfspeed.com/legal/patents/ (last visited Aug. 27, 2026) (cited Compl. ¶¶ 45, 52).

The entirety of the Complaint's patent marking allegation for the remaining '443 and '392 Patents states:

> Wolfspeed complied with the patent marking statute, 35 U.S.C. § 287(a), by providing an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent (https://www.wolfspeed.com/legal/patents/).

Compl. ¶¶ 45, 52.

Section 287(a) requires more. A patented article must be marked by "fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet…." 35 U.S.C. § 287(a). The Complaint never alleges it marked any of its products with *anything* as required by the statute. *See* Compl. ¶¶ 45, 52. Because Plaintiff never pled that it complied with the marking statute by fixing any type of notice whatsoever on its patented articles, it failed to adequately plead patent marking entitling it to pre-suit damages. *See, e.g.*, *Express Mobile*, 2019 WL 1596999, at *2 (dismissing past damages claim where "Plaintiff has failed to plead compliance with the marking statute"); *Roche Diabetes*, Ex. C at 13; *Spin Master, Ltd. v. Aomore-US*, No. 23 Civ. 7099 (DEH), 2024 WL 3030405, at *14 (S.D.N.Y. June 17, 2024) (dismissing claim for

pre-suit damages where "Plaintiff's conclusory allegations do not explain, for example, whether Plaintiff's 'patented articles were actually marked when entered into commerce.'" (citation omitted)).

Accordingly, any claim for pre-suit damages based on marking should be dismissed. *Arctic Cat*, 876 F.3d at 1366.

**2. Plaintiff Fails To Plead Navitas Otherwise Had Actual Notice Of Alleged Infringement Of The Asserted Patents by April 10, 2026**

Plaintiff does not adequately plead actual, pre-suit notice for recovery of past damages before the May 11, 2026 letter under 35 U.S.C. § 287(a). *See* Compl. at 17 (seeking damages for "past infringement"). The statute specifies that if a patentee did not mark, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was ***notified of the infringement*** and continued to infringe thereafter." 35 U.S.C. § 287(a) (emphasis added).

The Complaint does not plead Navitas' actual, pre-suit notice of infringement to support past damages for the specific Asserted Patents. *See* Compl. ¶¶ 45, 52, 59, 66, 73. The remaining allegations are in a section titled "Navitas' Knowledge of the Asserted ***Patents***." *Id.* at 8 (emphasis added). But mere knowledge of asserted patents is insufficient to establish knowledge of infringement—it "requires proof the defendant knew the acts were infringing." *Commil USA v. Cisco Sys*., 575 U.S. 632, 642 (2015); *Amsted Indus. v. Buckeye Steel Castings*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("For purposes of section 287(a), …. [a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device.").

Plaintiff's claim that "Wolfspeed's portfolio of issued patents is public knowledge," Compl. ¶ 36, also is insufficient to notify a party of its patents, let alone infringement of those patents, *Valinge Innovation Ab v. Halstead New England Corp*, C.A. No. 16-1082-LPS-CJB, 2017

WL 5196379, at *2 (D. Del. Nov. 9, 2017) (holding that plaintiffs failed to plead pre-suit knowledge, because a well-known patent portfolio does not render it plausible that defendant was aware of every patent in that portfolio or what it would take to infringe them), *adopted by,* 2018 WL 11013902, at *1 (D. Del. Jan. 10, 2018).

Next the Complaint vaguely alleges Plaintiff sent a letter on "April 10, 2026" to "counsel for Navitas, regarding Navitas' infringement of the Asserted Patents, as well as other Wolfspeed patents," and Navitas' counsel acknowledged the letter. Compl. ¶¶ 37-38. Plaintiff never attaches a copy of this letter, and alleges no facts showing that the April 10, 2026 letter put Navitas on notice that it was infringing the Asserted Patents. *See id.* Nor does Plaintiff allege that the April 10, 2026 letter ever expressly accused Navitas of patent infringement, provided any claim charts or other explanations describing how Navitas' products purportedly infringed the Asserted Patents, or even included the word "infringement." *See id.*

These barebones paragraphs are insufficient to allege pre-suit knowledge of infringement. *E.g.*, *Bench Walk Lighting v. LG Innotek Co.*, 530 F. Supp. 3d 468, 477-78 (D. Del. 2021) (finding the "Notice Letter by itself did not provide sufficient pre-suit knowledge" of infringement and that the "complaint d[id] not touch on the content of the Notice Letter"); *Deere & Co. v. AGCO Corp.*, C.A. No. 18-827-CFC, 2019 WL 668492, at *7 (D. Del. Feb. 19, 2019) (plaintiff has not pled the requisite knowledge of infringement when it did not "allege that the August 2017 letter informed Defendants that [the accused] Products infringes the patents asserted in Counts 1, 2, 5, and 6."); *Helios Streaming v. Vudu*, C.A. No. 19-1792-CFC/SRF, 2020 WL 3167641, at *1 (D. Del. June 15, 2020) (finding plaintiff's pre-suit letter deficient because "the letter does not offer any explanation about why Defendant's products or actions infringe or caused infringement of an asserted patent.").

Plaintiff concedes that providing an "exemplary infringement claim chart" "[t]o identify how Navitas infringes one or more claims" of a patent plausibly puts a party on notice of patent infringement. *See* Compl. ¶¶ 42, 49, 56, 63, 70. Yet the Complaint only alleges that a May 11, 2026 "second letter… provided claim charts identifying exemplary claims of the Asserted Patents and identification of corresponding Navitas product features." Compl. ¶ 39.

Because the Complaint only pleads facts supporting Navitas' notice of infringement beginning with Plaintiff's May 11, 2026 letter, its claim for pre-suit damages before that date should be dismissed.

## VI. CONCLUSION

Navitas respectfully asks the Court to grant its motion to dismiss Counts I-V of the Complaint under Rule 12(b)(6) for failing to state a claim of direct or indirect patent infringement. Additionally, Wolfspeed's claims for pre-suit damages before May 11, 2026 should be dismissed for failing to plead patent marking or actual knowledge of infringement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

August 28, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 28, 2026, upon the following in the manner indicated:

Andrew C. Mayo, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Blaney H. Harper, Esquire
Nicole A. Page, Esquire
JONES DAY
2727 North Harwood Street
Suite 600
Dallas TX, 75201
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Evan P. Tassis, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
*Attorney for Plaintiff*

*VIA ELECTRONIC MAIL*

Eamon M. Heaney, Esquire
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
*Attorney for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)