IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WOLFSPEED, INC., Plaintiff, v. NAVITAS SEMICONDUCTOR CORPORATION, NAVITAS SEMICONDUCTOR IRELAND, LLC, GENESIC SEMICONDUCTOR LLC, and NAVITAS SEMICONDUCTOR USA, INC., Defendants. | ) | C.A. No. 26-818-GBW **JURY TRIAL DEMANDED** |

**<u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff Wolfspeed, Inc. ("Wolfspeed" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Navitas Semiconductor Corporation ("NSC"), Navitas Semiconductor Ireland, LLC ("NSI"), GeneSiC Semiconductor LLC ("GSS"), and Navitas Semiconductor USA, Inc. ("NSUSA") (together, "Navitas" or "Defendants") and alleges as follows:

**<u>NATURE OF THIS ACTION</u>**

This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., seeking damages, injunctive relief, and other relief under 35 U.S.C. §§ 281, 283, 284, 285 *et seq*. In particular, this action relates to Defendants' infringement of U.S. Patent Nos. 10,749,443 (the "'443 Patent") (Exhibit 1); 11,888,392 (the "'392 Patent") (Exhibit 2); 8,169,005 (the "'005 Patent") (Exhibit 3); 10,998,418 (the "'418 Patent") (Exhibit 4); and 10,886,396 (the "'396 Patent") (Exhibit 5) (collectively, the "Asserted Patents").

## PARTIES

1. Plaintiff Wolfspeed, Inc. is a Delaware corporation with its principal place of business at 4600 Silicon Drive, Durham, North Carolina 27703.

2. Defendant NSC is a Delaware corporation with, on information and belief, its principal place of business at 3520 Challenger Street, Torrance, California 90503. NSC may be served via its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant NSI is a Delaware limited liability company with, on information and belief, its principal place of business at 3520 Challenger Street, Torrance, California 90503. NSI may be served via its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant GSS is a Delaware limited liability company with, on information and belief, its principal place of business at 3520 Challenger Street, Torrance, California 90503. GSS may be served via its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. Defendant NSUSA is a Delaware corporation with, on information and belief, its principal place of business at 3520 Challenger Street, Torrance, California 90503. NSUSA may be served via its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

7. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has both general and specific personal jurisdiction over Defendants.

9. This Court has general personal jurisdiction over NSC and NSUSA because they are incorporated under the laws of Delaware. This Court has general personal jurisdiction over NSI and GSS because they are organized under the laws of Delaware.

10. This Court has specific personal jurisdiction over Defendants NSC, NSI, GSS, and NSUSA because each has created contacts with this forum relating to infringement of Plaintiff's Asserted Patents such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. On information and belief, Defendants each have committed acts that infringe the Asserted Patents within this District and the State of Delaware by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Delaware, infringing products. Defendants each make, use, sell, offer for sale, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products in this District and the State of Delaware. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from such infringing products, throughout the United States, including in this District.

11. Venue is proper in this District because Defendants NSC, NSI, GSS, and NSUSA each reside in this District because they are incorporated and/or organized in the State of Delaware, and also because on information and belief Defendants NSC, NSI, GSS, and NSUSA each have committed acts of infringement in this District and directed such acts to Delaware entities and residents. 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

12. Wolfspeed, previously known as Cree, Inc. until its legal name change in 2021, is headquartered in Durham, North Carolina.

13. Wolfspeed is an innovator and manufacturer of wide bandgap semiconductors (materials with a larger energy gap that enable high-temperature, high-voltage, and high-frequency applications), focused on silicon carbide ("SiC") materials for power and radio frequency ("RF") applications and SiC devices for power applications.

14. Its product families include (1) gallium nitride ("GaN") epitaxy on SiC wafer materials and SiC power materials (wafers with or without epitaxial layers) and (2) SiC power devices (semiconductors fabricated on epitaxial wafers). Both the power materials products and power devices are used in defense, AI data centers, motor drives, power supplies, and transportation applications. Wolfspeed's RF materials products are used in military communications, radar, satellite, and telecommunication applications.

15. Wolfspeed operates a vertically integrated, domestic SiC manufacturing platform supporting material growth, device fabrication, packaging, and validation. Its facilities provide existing, production-scale infrastructure. Its integrated infrastructure enables control of material quality, device scaling, and validation at target operating conditions.

16. Wolfspeed's innovations, reflected in the Asserted Patents, represent important technologies for cleaner, more efficient, and sustainable energy as the world shifts away from fossil fuel power and traditional silicon-based technology.

## THE '443 PATENT

17. The '443 Patent, entitled "High Power Multilayer Module Having Low Inductance and Fast Switching for Paralleling Power Devices," was filed on February 4, 2019, and was duly issued on August 18, 2020. A true and correct copy of the '443 Patent is attached as Exhibit 1.

18. Wolfspeed is the owner of all right, title, and interest in the ’443 Patent, including the right to sue for past infringement.

19. The ’443 Patent is directed to high power multilayer modules having low inductance and fast switching for paralleling power devices. The invention provides a power module structure optimized for wide bandgap power semiconductor devices such as silicon carbide, enabling evenly distributed current between large arrays of paralleled devices with significantly lower loop inductance than standard packaging approaches.

**THE ’392 PATENT**

20. The ’392 Patent, entitled “High Speed, Efficient SiC Power Module,” was filed on April 17, 2020, and was duly issued on January 30, 2024. A true and correct copy of the ’392 Patent is attached as Exhibit 2.

21. Wolfspeed is the owner of all right, title, and interest in the ’392 Patent, including the right to sue for past infringement.

22. The ’392 Patent is directed to a power converter module having power converter circuitry and a housing. The power converter circuitry includes a number of silicon carbide switching components coupled to one another within a housing over the power converter circuitry. In this structure, the thermal dissipation characteristics of the power converter module may be substantially improved while maintaining the structural integrity of the power converter module.

**THE ’005 PATENT**

23. The ’005 Patent, entitled “High Voltage GaN Transistors,” was filed on January 26, 2011, and was duly issued on May 1, 2012. A true and correct copy of the ’005 Patent is attached as Exhibit 3.

24. Wolfspeed is the owner of all right, title, and interest in the ’005 Patent, including the right to sue for past infringement.

25. The ’005 Patent is directed to high voltage GaN transistors with multiple field plates designed to achieve high blocking voltages while supporting significant current with low on-resistance. The invention enhances power switching performance, particularly for high-frequency and high-power applications, by incorporating specific spacer layers and conductive field plates.

**THE ’418 PATENT**

26. The ’418 Patent, entitled “Power Semiconductor Devices Having Reflowed Inter-Metal Dielectric Layers,” was filed on May 16, 2019, and was duly issued on May 4, 2021. A true and correct copy of the ’418 Patent is attached as Exhibit 4.

27. Wolfspeed is the owner of all right, title, and interest in the ’418 Patent, including the right to sue for past infringement.

28. The ’418 Patent is directed to power semiconductor devices. The invention provides multi-layer inter-metal dielectric patterns that include at least one reflowed dielectric material pattern and at least one non-reflowable dielectric material pattern, improving device structure and performance in wide bandgap semiconductor devices such as silicon carbide MOSFETs.

**THE ’396 PATENT**

29. The ’396 Patent, entitled “Transistor Structures Having a Deep Recessed P+ Junction and Methods for Making Same,” was filed on October 1, 2018, and was duly issued on January 5, 2021. A true and correct copy of the ’396 Patent is attached as Exhibit 5.

30. Wolfspeed is the owner of all right, title, and interest in the ’396 Patent, including the right to sue for past infringement.

31. The ’396 Patent is directed to transistor structures having a well region with a recessed portion below a source region and extending from the well region sufficient to reduce an

electric field on a gate oxide. The well region also forms a trench in an upper surface of the transistor device. These structures improve device reliability.

## NAVITAS'S ACCUSED PRODUCTS

32. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

33. Navitas makes, uses, offers to sell, and sells accused products including GaN-based power semiconductor devices and SiC-based power semiconductor devices (collectively, the "Accused Products"). The GaN-based Accused Products include, but are not limited to, Navitas's GaNFast® products (*e.g.*, models NV6115 and NV6512C), GaNSlim™ products, GaNSafe® products, and GaN FET products. The SiC-based Accused Products include, but are not limited to, Navitas's GeneSiC™ MOSFET products (*e.g.*, models G3F18MT12K, G3R30MT12K, G3R12MT12K, and G3R20MT17K) and SiCPAK™ Module products (*e.g.*, model G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules).

34. Navitas offers for sale and sells the GaN-based Accused Products and SiC-based Accused Products on its website (https://navitassemi.com/gan-power-ics-products/, https://navitassemi.com/ganfast-fets/, https://navitassemi.com/genesic-mosfets-products/, and https://navitassemi.com/sicpak-modules/). Navitas also offers for sale and sells the GaN-based Accused Products and SiC-based Accused Products through third parties, including its distributors, to customers in the United States.

35. Upon information and belief, Navitas has made, used, offered to sell, and sold the Accused Products to and for United States customers, including those in the District of Delaware. Upon information and belief, Navitas also has made, used, marketed, advertised, promoted, offered to sell, sold, and/or supported, and continues to make, use, market, advertise, promote, offer to sell, sell, and/or support the Accused Products in the United States.

## NAVITAS'S KNOWLEDGE OF THE ASSERTED PATENTS

36. Wolfspeed's portfolio of issued patents is public knowledge and, upon information and belief, Navitas has actually known about the Asserted Patents and their infringement thereof since prior to this lawsuit.

37. On April 10, 2026, Wolfspeed, by its counsel, sent a letter to Ms. Michelle E. Armond, counsel for Navitas, regarding Navitas's infringement of the Asserted Patents, as well as other Wolfspeed patents.

38. On April 23, 2026, Navitas, by its counsel, responded acknowledging the letter and the allegations contained therein.

39. On May 11, 2026, Wolfspeed, by its counsel, sent a second letter to Navitas's counsel, which provided claim charts identifying exemplary claims of the Asserted Patents and identification of corresponding Navitas product features concerning the limitations of the exemplary claims.

## COUNT I
**(Infringement of the '443 Patent)**

40. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

41. Navitas has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least one or more claims of the '443 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by making, using, offering to sell, and/or selling in the United States without authorization, the Accused Products, including, but not limited to, the SiCPAK™ Module products such as the G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules.

42. To identify how Navitas infringes one or more claims of the ’443 Patent, attached is a preliminary and exemplary infringement claim chart. *See* Exhibit 6. This chart is not intended to limit Plaintiff’s right to modify this chart or any other claim chart or to allege that other activities of Navitas infringe the identified claims or any other claims of the ’443 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped to Navitas’s Accused Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

43. In addition, on information and belief, Navitas has been and is currently indirectly infringing one or more claims of the ’443 Patent by inducement under 35 U.S.C. § 271(b). On information and belief, Navitas has knowingly induced and continues to induce infringement of the ’443 Patent by others within the United States by marketing, offering for sale, and selling the SiCPAK™ Module products to customers, distributors, resellers, and end users, and by providing instructions, user manuals, application notes, technical documentation, advertising, and marketing materials that facilitate, direct, and encourage the use of the Accused Products. On information and belief, Navitas has had knowledge of the ’443 Patent and knew or should have known that its actions would induce direct infringement by its customers and end users.

44. Upon information and belief, Navitas has, and continues to, willfully infringe the ’443 Patent. Among other things, Navitas has actually known about the ’443 Patent and their infringement thereof since prior to this lawsuit.

45. As a result of Navitas’s infringement of the ’443 Patent, Wolfspeed has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial. Wolfspeed complied with the patent marking statute, 35 U.S.C. § 287(a), by providing a notice, on the product

packaging or other related product materials including datasheets, of an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent (https://www.wolfspeed.com/legal/patents/).

46. Unless an injunction is issued enjoining Navitas and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the ’443 Patent, Wolfspeed will continue to be significantly and irreparably harmed and has no adequate remedy at law.

**COUNT II**
**(Infringement of the ’392 Patent)**

47. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

48. Navitas has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least one or more claims of the ’392 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by making, using, offering to sell, and/or selling in the United States without authorization, the Accused Products, including, but not limited to, the SiCPAK™ Module products such as the G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules.

49. To identify how Navitas infringes one or more claims of the ’392 Patent, attached is a preliminary and exemplary infringement claim chart. *See* Exhibit 7. This chart is not intended to limit Plaintiff’s right to modify this chart or any other claim chart or to allege that other activities of Navitas infringe the identified claims or any other claims of the ’392 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped to Navitas’s Accused Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

50. In addition, on information and belief, Navitas has been and is currently indirectly infringing one or more claims of the ’392 Patent by inducement under 35 U.S.C. § 271(b). On information and belief, Navitas has knowingly induced and continues to induce infringement of the ’392 Patent by others within the United States by marketing, offering for sale, and selling the SiCPAK™ Module products to customers, distributors, resellers, and end users, and by providing instructions, user manuals, application notes, technical documentation, advertising, and marketing materials that facilitate, direct, and encourage the use of the Accused Products. On information and belief, Navitas has had knowledge of the ’392 Patent and knew or should have known that its actions would induce direct infringement by its customers and end users.

51. Upon information and belief, Navitas has, and continues to, willfully infringe the ’392 Patent. Among other things, Navitas has actually known about the ’392 Patent and their infringement thereof since prior to this lawsuit.

52. As a result of Navitas’s infringement of the ’392 Patent, Wolfspeed has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial. Wolfspeed complied with the patent marking statute, 35 U.S.C. § 287(a), by providing a notice, on the product packaging or other related product materials including datasheets, of an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent (https://www.wolfspeed.com/legal/patents/).

53. Unless an injunction is issued enjoining Navitas and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the ’392 Patent, Wolfspeed will continue to be significantly and irreparably harmed and has no adequate remedy at law.

**COUNT III**
**(Infringement of the '005 Patent)**

54. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

55. Navitas has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least one or more claims of the '005 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by making, using, offering to sell, and/or selling in the United States without authorization, the Accused Products, including, but not limited to, the GaNFast® products (such as the NV6115 and NV6512C), GaNSlim™ products, GaNSafe® products, and GaN FET products.

56. To identify how Navitas infringes one or more claims of the '005 Patent, attached is a preliminary and exemplary infringement claim chart. *See* Exhibit 8. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or to allege that other activities of Navitas infringe the identified claims or any other claims of the '005 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped to Navitas's Accused Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

57. In addition, on information and belief, Navitas has been and is currently indirectly infringing one or more claims of the '005 Patent by inducement under 35 U.S.C. § 271(b). On information and belief, Navitas has knowingly induced and continues to induce infringement of the '005 Patent by others within the United States by marketing, offering for sale, and selling the GaNFast® products (such as the NV6115 and NV6512C), GaNSlim™ products, GaNSafe® products, and GaN FET products to customers, distributors, resellers, and end users, and by providing instructions, user manuals, application notes, technical documentation, advertising, and

marketing materials that facilitate, direct, and encourage the use of the Accused Products. On information and belief, Navitas has had knowledge of the ’005 Patent and knew or should have known that its actions would induce direct infringement by its customers and end users.

58. Upon information and belief, Navitas has, and continues to, willfully infringe the ’005 Patent. Among other things, Navitas has actually known about the ’005 Patent and their infringement thereof since prior to this lawsuit.

59. As a result of Navitas’s infringement of the ’005 Patent, Wolfspeed has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial. Wolfspeed has complied with the patent marking statute, 35 U.S.C. § 287(a) as Wolfspeed provided actual notice to Navitas of its infringement as of April 10, 2026.

## COUNT IV
## (Infringement of the ’418 Patent)

60. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

61. Navitas has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least one or more claims of the ’418 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by making, using, offering to sell, and/or selling in the United States without authorization, the Accused Products, including, but not limited to, the GeneSiC™ MOSFET products such as the G3F18MT12K, G3R12MT12K, G3R20MT17K, and G3R30MT12K, as well as the SiCPAK™ Module products such as the G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules that incorporate such MOSFET products.

62. To identify how Navitas infringes one or more claims of the ’418 Patent, attached is a preliminary and exemplary infringement claim chart. *See* Exhibit 9. This chart is not intended

to limit Plaintiff's right to modify this chart or any other claim chart or to allege that other activities of Navitas infringe the identified claims or any other claims of the '418 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped to Navitas's Accused Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

63. In addition, on information and belief, Navitas has been and is currently indirectly infringing one or more claims of the '418 Patent by inducement under 35 U.S.C. § 271(b). On information and belief, Navitas has knowingly induced and continues to induce infringement of the '418 Patent by others within the United States by marketing, offering for sale, and selling the GeneSiC™ MOSFET products such as the G3F18MT12K, G3R12MT12K, G3R20MT17K, and G3R30MT12K, as well as the SiCPAK™ Module products such as the G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules that incorporate such MOSFET products to customers, distributors, resellers, and end users, and by providing instructions, user manuals, application notes, technical documentation, advertising, and marketing materials that facilitate, direct, and encourage the use of the Accused Products. On information and belief, Navitas has had knowledge of the '418 Patent and knew or should have known that its actions would induce direct infringement by its customers and end users.

64. Upon information and belief, Navitas has, and continues to, willfully infringe the '418 Patent. Among other things, Navitas has actually known about the '418 Patent and their infringement thereof since prior to this lawsuit.

65. As a result of Navitas's infringement of the '418 Patent, Wolfspeed has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial. Wolfspeed

has complied with the patent marking statute, 35 U.S.C. § 287(a) as Wolfspeed has not made, distributed, sold, offered for sale or otherwise licensed in the United States products embodying the asserted patents.

66. Unless an injunction is issued enjoining Navitas and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the ’418 Patent, Wolfspeed will continue to be significantly and irreparably harmed and has no adequate remedy at law.

**COUNT V**
**(Infringement of the ’396 Patent)**

67. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

68. Navitas has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least one or more claims of the ’396 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by making, using, offering to sell, and/or selling in the United States without authorization, the Accused Products, including, but not limited to, the GeneSiC™ MOSFET products such as the G3R30MT12K, G3R12MT12K, and G3R20MT17K, as well as the SiCPAK™ Module products such as the G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules that incorporate such MOSFET products.

69. To identify how Navitas infringes one or more claims of the ’396 Patent, attached is a preliminary and exemplary infringement claim chart. *See* Exhibit 10. This chart is not intended to limit Plaintiff’s right to modify this chart or any other claim chart or to allege that other activities of Navitas infringe the identified claims or any other claims of the ’396 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped

to Navitas's Accused Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

70. In addition, on information and belief, Navitas has been and is currently indirectly infringing one or more claims of the '396 Patent by inducement under 35 U.S.C. § 271(b). On information and belief, Navitas has knowingly induced and continues to induce infringement of the '396 Patent by others within the United States by marketing, offering for sale, and selling the GeneSiC™ MOSFET products such as the G3F18MT12K, G3R12MT12K, G3R20MT17K, and G3R30MT12K, as well as the SiCPAK™ Module products such as the G3F09MT12FB2, SiCPAK™ G modules, and SiCPAK™ F modules that incorporate such MOSFET products to customers, distributors, resellers, and end users, and by providing instructions, user manuals, application notes, technical documentation, advertising, and marketing materials that facilitate, direct, and encourage the use of the Accused Products. On information and belief, Navitas has had knowledge of the '396 Patent and knew or should have known that its actions would induce direct infringement by its customers and end users.

71. Upon information and belief, Navitas has, and continues to, willfully infringe the '396 Patent. Among other things, Navitas has actually known about the '396 Patent and their infringement thereof since prior to this lawsuit.

72. As a result of Navitas's infringement of the '396 Patent, Wolfspeed has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial. Wolfspeed has complied with the patent marking statute, 35 U.S.C. § 287(a) as Wolfspeed has not made, distributed, sold, offered for sale or otherwise licensed in the United States products embodying the asserted patents.

73. Unless an injunction is issued enjoining Navitas and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the ’396 Patent, Wolfspeed will continue to be significantly and irreparably harmed and has no adequate remedy at law.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A judgment in favor of Plaintiff that Defendant Navitas is liable for directly (literally and/or under the doctrine of equivalents) and/or indirectly infringing one or more claims of the ’443, ’392, ’005, ’418, and ’396 Patents;

B. An award of all damages sufficient to fully compensate Plaintiff for past infringement, up until entry of the final judgment, by Navitas under 35 U.S.C. § 284;

C. An order and judgment permanently enjoining Navitas and all persons and entities acting in concert with Navitas from any further acts of infringement of the Asserted Patents and any and all other appropriate or necessary equitable relief. In the alternative, if the Court finds that an injunction is not warranted, Plaintiff requests an award of post-judgment royalties to compensate for future infringement;

D. Enhanced damages in an amount equal to three times Plaintiff’s damages for Navitas’s willful infringement of the ’443, ’392, ’005, ’418, and ’396 Patents pursuant to 35 U.S.C. § 284;

E. A judgment and order requiring Navitas to pay Plaintiff’s costs, expenses, and pre-judgment and post-judgment interest for Navitas’s infringement; and

F. All other relief that the Court deems just and proper.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)
Jeffrey J. Lyons (#6437)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jlyons@ashbygeddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Blaney H. Harper
Nicole A. Paige
JONES DAY
2727 North Harwood Street, Suite 600
Dallas, TX 75201
(214) 220-3939
bharper@jonesday.com
npaige@jonesday.com

Evan P. Tassis
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
etassis@jonesday.com

Dated: September 18, 2026