IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WOLFSPEED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NAVITAS SEMICONDUCTOR CORPORATION, NAVITAS SEMICONDUCTOR IRELAND, LLC, GENESIC SEMICONDUCTOR LLC, AND NAVITAS SEMICONDUCTOR USA, INC.,<br><br>Defendants. | ) | C.A. No. 26-818 (GBW) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION**
**<u>TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

September 30, 2026

# TABLE OF CONTENTS

**Page**

I. ARGUMENT ....... 1

A. Factor 1: Plaintiff's Choice Should Be Afforded Minimal Weight ....... 2

B. Factor 2: Navitas' Preferred Forum Supports Transfer ....... 3

C. Factor 3: The Claims' Deeper Roots in The Central District of California Favor Transfer ....... 4

D. Factor 4: Party Convenience Supports Transfer ....... 5

E. Factor 5: Third-Party Witness Convenience Favors Transfer ....... 6

F. Factor 6: The Location of Books and Records Favors Transfer ....... 7

G. Factor 7: Enforceability of A Judgment Is Neutral ....... 8

H. Factor 8: Practical Considerations Weigh In Favor of Transfer ....... 8

I. Factor 9: Data Supports That The Central District Will Try This Suit Sooner ....... 8

J. Factor 10: The Central District Of California Has A Local Interest In Deciding This Dispute ....... 9

K. Factor 11: Public Policy Does Not Bar Transfer ....... 10

L. Factor 12: Knowledge of State Law Is Inapplicable To A Federal Patent Case ....... 10

II. CONCLUSION ....... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010) ....................4

*Bench Walk Lighting LLC v. LG Innotek Co.*,
530 F. Supp. 3d 468 (D. Del. 2021)....................1, 4, 5, 9

*Blackbird Tech v. Cloudflare*,
C.A. No. 17-283, 2017 WL 4543783 (D. Del. Oct. 11, 2017) ....................4

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ....................3

*Devicor Med. Prod. v. Biopsy Sci.*,
C.A. No. 10-1060-GMS, 2013 WL 1628644 (D. Del. 2013) ....................2

*Dialect v. Google*,
C.A. No. 23-378-GBW, 2024 WL 1328908 (D. Del. Mar. 28, 2024) ....................7, 10

*Express Mobile v. Web.com Group*,
C.A. No. 19-1936-RGA, 2020 WL 3971776 (D. Del. July 14, 2020) ....................2, 4, 10

*Gen. Sci. Corp. v. Den-Mat Holdings*,
C.A. No. 21-882-CFC, 2021 WL 4622548 (D. Del. Oct. 7, 2021) ....................7

*Intellectual Ventures I v. Altera Corp.*,
842 F. Supp. 2d 744 (D. Del. 2012) ....................2, 3, 7

*Intellectual Ventures I v. Checkpoint Software Techs.*,
797 F. Supp. 2d 472 (D. Del. 2011) ....................9

*In re Link_A_Media Devices Corp.*,
662 F.3d 1221 (Fed. Cir. 2011) ....................2, 8, 9

*Metarail v. Google*,
C.A. No. 23-1116-GBW, D.I. 46 (D. Del. Sept. 24, 2025) ....................2

*Nokia of America v. Acer,*
C.A. No. 25-1106-MN, 2026 WL 2085863 (D. Del. July 20, 2026) ....................5, 6, 8

*Pers. Genomics Taiwan Inc. v. Pac. Biosciences of Cal. Inc.,*
C.A. No. 19-1810-GBW, 2024 WL 3043329 (D. Del. June 18, 2024) ....................6

*Shutte v. Armco Steel*,
431 F.2d 22 (3rd Cir. 1970) ....................................................................................2

*Signal Tech v. Analog Devices*,
C.A. No. 11-1073-RGA, 2012 WL 1134723 (D. Del. Apr. 3, 2012) ................................2

*Sinochem Int'l v. Malaysia Int'l Shipping*,
549 U.S. 422 (2007) ..............................................................................................2

*Versata Software v. Callidus Software*,
944 F. Supp. 2d 357 (D. Del. 2013) .......................................................................5

*Wiremed Tech v. Adobe*,
C.A. No. 18-1066 (MN), 2019 WL 2250643 (D. Del. May 24, 2019) ...............................4

**STATUTES**

28 U.S.C. § 1404..........................................................................................................3

Plaintiff's Opposition provides no roadblock to transferring this case to California. Plaintiff never disputes that it could have filed suit in the Central District of California where Navitas resides. Given that California is both available and has deeper roots for this five-patent dispute, transfer is warranted.

Rather than responding to the *Jumara* factors and evidence supporting transfer in Navitas' motion, Plaintiff resorts to deflection, distraction, and disproven rhetoric. Not only were all accused semiconductor products developed in California, Plaintiff has no answer to the fact that the Central District of California has exclusive subpoena power over the former Navitas employees resident there. Further, California would be substantially more convenient for the third-party prior art witnesses Navitas identified that are located in California or Asia. Finally, Plaintiff's perplexing questioning of the U.S. Court's official case statistics does not change that Delaware's four federal judges are more impacted by a congested civil docket than the Central District. All of these reasons and more support the Court exercising its discretion under the *Jumara* factors to order transfer to the Central District of California.

## I. ARGUMENT

Plaintiff does not dispute that this case could have been filed in the Central District of California, conclusively establishing venue is proper there. *See* D.I. 20 ("Mot.") at 5; D.I. 25 ("Opp.") at 5; *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 477 (D. Del. 2021) ("[W]hen one side files a motion raising an issue, and the other side does not respond, the other side is considered to have conceded the point.").

With that threshold overcome, the *Jumara* factors permit the Court to exercise its discretion to transfer this case to the Central District of California.

### A. Factor 1: Plaintiff's Choice Should Be Afforded Minimal Weight

There is no dispute that Delaware is no home turf for North Carolina-based Plaintiff Wolfspeed. Opp. at 5-6. Nor does Plaintiff have any answer for the Federal Circuit's holding that "[t]he mere fact that Delaware is the plaintiffs' choice of forum and the defendants' state of incorporation will not, standing alone, prevent this Court from transferring this suit to another forum." Mot. at 6 (quoting *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011)); *see* Opp. at 6. Recent Supreme Court precedent is in accord. *See, e.g.*, *Sinochem Int'l v. Malaysia Int'l Shipping*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,'....").

Instead, Plaintiff argues that the 1970 *Shutte* decision requires its forum choice be given "paramount consideration." Opp. at 5 (citing *Shutte v. Armco Steel*, 431 F.2d 22, 25 (3d Cir. 1970)). But its own cited Factor 1 precedent confirms that "when a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than paramount consideration." *Devicor Med. Prod. v. Biopsy Sci.*, C.A. No. 10-1060-GMS, 2013 WL 1628644, at *3 (D. Del. 2013) (citation modified) (cited Opp. at 5). Plaintiff also pointedly ignores this District's many other decisions declining to give non-resident plaintiffs "the same weight in the balancing as would a similar decision by a company with a principal place of business in Delaware" under *Shutte*'s "paramount consideration" standard. *Express Mobile v. Web.com Group*, C.A. No. 19-1936-RGA, 2020 WL 3971776, at *2 (D. Del. July 14, 2020) (quoting *Shutte*, 431 F.2d at 25); *Signal Tech v. Analog Devices*, C.A. No. 11-1073-RGA, 2012 WL 1134723, at *2 (D. Del. Apr. 3, 2012) (same); *Metarail v. Google*, C.A. No. 23-1116-GBW, D.I. 46, at 2-3 (D. Del. Sept. 24, 2025) (Navitas Ex.11) (same).

Plaintiff's citation to *Altera* and a laundry list of cases denying transfer does not resolve this factor in its favor. Opp. at 7-8. *Altera* recognized that "[w]hile there are cases supporting

Defendant's view that Delaware is not [Plaintiff]'s 'home turf,' [and] there are likewise cases from this District" holding the opposite, Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Intellectual Ventures I v. Altera Corp.*, 842 F. Supp. 2d 744, 753-54 (D. Del. 2012).

Plaintiff next claims that "[u]nder *TC Heartland*, Delaware is the one forum where venue is proper." Opp. at 6 (citing *TC Heartland v. Kraft Foods*, 581 U.S. 258 (2017)). That is easily disproven. Plaintiff's Amended Complaint acknowledges that all four defendants share a headquarters in Torrance, California and does not dispute that venue also would have been proper in the Central District of California. FAC (D.I. 24) ¶¶ 2-5; *compare* Mot. at 5, *with* Opp. at 5.

Lastly, Plaintiff argues that Navitas' California connections are "attenuated" because of its "leased office" and "minority of employees." Opp. at 8. There is no shame in leasing. Establishing "the regular and established place of business" to determine patent venue does not distinguish between "whether the defendant owns or leases the place." *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017).

**B. Factor 2: Navitas' Preferred Forum Supports Transfer**

Acknowledging that the Navitas "Defendants prefer the Central District of California," Plaintiff grants that Factor 2 provides "limited weight in favor of transfer." Opp. at 8-9. Its attempt at recycling its Factor 1 caselaw does not show otherwise. *Compare* Opp. at 8-9 (citing *Altera*), *with* Opp. at 7-8 (citing same for Factor 1). Plaintiff offers nothing in response to the rational and legitimate reasons Navitas presented for transferring to the Central District of California: the accused products were all developed there and Navitas' former employees including Mr. Kinzer and Mr. Zheng are within the Central District's exclusive subpoena power. *Compare* Opp. at 8-9,

*with* Mot. at 7-8. Plaintiff's silence only confirms that Factor 2 supports transfer. *Bench Walk Lighting*, 530 F. Supp. 3d at 477 (Plaintiff's non-response has "conceded the point").

### C. Factor 3: The Claims' Deeper Roots In The Central District Of California Favor Transfer

Failing to muster any response to Navitas' evidence showing the accused products were developed in California, and the pertinent witnesses and documents are also located in California, Mot. at 8-9 (citing Sundaresan Decl. ¶¶ 4-6), Plaintiff concedes this factor may be "neutral" and tries to change the subject, Opp. at 9.

Plaintiff offers nothing showing that Factor 3 supports keeping the case in Delaware. *See* Opp. at 9. Even if patent infringement claims arise wherever infringement occurs, Opp. at 9, the Federal Circuit explains that the "significant connections between a particular venue and the events that gave rise to a suit" override the mere "sale of an accused product offered nationwide," *In re Acer Am. Corp*., 626 F.3d 1252, 1256 (Fed. Cir. 2010); *see also Blackbird Tech v. Cloudflare*, C.A. No. 17-283, 2017 WL 4543783, at *6 (D. Del. Oct. 11, 2017) ("factor will weigh in favor of transfer" for accused products developed in California even where "the allegedly infringing products are sold nationwide"). Nor does Plaintiff dispute Navitas' evidence or cited precedent that patent "infringement claims 'have even *deeper roots* in the forum where the accused products were developed,'" which here is California. Mot. at 8 (emphasis added) (quoting *Express Mobile*, 2020 WL 3971776, at *2).

Indeed, Plaintiff's own cited caselaw undercuts its position, finding that because "the accused product was designed and developed primarily" in Seattle, that "fact weighs in favor of transfer" to the Western District of Washington under *Jumara* Factor 3. *Wiremed Tech v. Adobe*, C.A. No. 18-1066 (MN), 2019 WL 2250643, at *3 (D. Del. May 24, 2019) (factor 3 neutral because "design and development of the accused product also occurred in California and Minnesota" and

infringement throughout U.S.) (cited Opp. at 9); *see also Versata Software v. Callidus Software*, 944 F. Supp. 2d 357, 360 (D. Del. 2013) (no discussion of *Jumara* Factor 3). Factor 3 plainly supports transfer.

**D. Factor 4: Party Convenience Supports Transfer**

Factor 4 further supports transfer because Plaintiff has no answer to the facts and precedent showing that (1) Plaintiff has already assumed the inconvenience of litigation in a different state, and (2) California would be considerably more convenient to Navitas and third-party witnesses. Mot. at 9-10; *Bench Walk Lighting*, 530 F. Supp. 3d at 477 (Plaintiff's non-response has "conceded the point").

Instead, Plaintiff resorts to misdirection. It suggests that Navitas maintains offices in the United States and eight other countries, Opp. at 9 (citing Wolfspeed Ex. 6 at 6-7: operations "in the United States, Ireland, Germany, Italy, Belgium, China, Taiwan, Thailand, South Korea, and the Philippines"), when the same SEC filing clarifies that Navitas leases space only in California, China, Taiwan, and South Korea, Ex. 6 at 35 ("Item 2. Properties."). All of these California and Asia locations are either located within, or substantially more convenient to, the Central District. *See* Mot at 11-12; *compare* Navitas Ex. 2 at 1-4 (flights from Asia to LAX), *with id*. at 5-8 (same to PHL). Resorting to conspiracy theories that Navitas deliberately "omit[s]" a Dulles, Virginia facility "historically maintained" by its subsidiary GeneSiC only shows Plaintiff's desperation. Opp. at 10. Plaintiff undoubtedly knows this "historical[]" facility no longer exists because it is not on Navitas' SEC-filed facility list that Plaintiff submitted. *See* Wolfspeed Ex. 6 at 35 ("Item 2. Properties.").

Plaintiff next cites *Nokia of America v. Acer* to argue an unrelated Eastern District of Texas case involving Navitas undercuts transfer under *Jumara* Factor 4. Opp. at 11 (citing C.A. No. 25-1106-MN, 2026 WL 2085863 (D. Del. July 20, 2026)). *Nokia* does not support Plaintiff. Not only

was *Nokia* principally a first-to-file rule dispute, 2026 WL 2085863, at *2, but it does not "address[] an analogous situation," Opp. at 11 (citing 2026 WL 2085863, at *7). *Nokia* concerned Acer's second-filed Texas patent infringement case involving the same patents and addressed another Texas case between the same two parties (Acer and Nokia) where Acer requested transfer. 2026 WL 2085863, at *7. Unlike *Acer*, there is no prior or co-pending litigation between the parties to this lawsuit involving these patents: the Texas litigation involves different patents and a different defendant, Renesas Electronics Corp. *Compare* FAC at 1-2, *with* Wolfspeed Ex. 7 ¶¶ 2-4. Nor does Plaintiff point to any Central District of California case where Navitas requested transfer to another court. *See* Opp. at 11; *Nokia*, 2026 WL 2085863, at *7 (holding argument "it would be more convenient to litigate" in "Texas rings hollow" where a party "already asked a different Texas court to transfer a case" between the same parties to another forum). Simply put, Plaintiff provides no authority that this distinct dispute has any bearing on *Jumara* Factor 4. *See* Opp. at 11.

**E. Factor 5: Third-Party Witness Convenience Favors Transfer**

Plaintiff agrees that the key question is "whether witnesses 'actually may be unavailable for trial in one of the fora' that matters for this analysis" under Factor 5. Opp. at 11 (quoting *Jumara*, 55 F.3d at 879). Plaintiff's argument that "Defendants have not identified a single material witness who would be 'actually unavailable' for trial in Delaware," Opp. at 12, ignores that Navitas' Motion specifically named two former employees Mr. Kinzer and Mr. Zheng, each of whom are only within the subpoena power of the Central District of California. Mot. at 10-11; *Pers. Genomics Taiwan Inc. v. Pac. Biosciences of Cal. Inc.,* C.A. No. 19-1810-GBW, 2024 WL 3043329, at *4 (D. Del. June 18, 2024) ("when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor") (internal quotation marks omitted).

Plaintiff does not dispute the materiality of Mr. Kinzer or Mr. Zheng, or any of the third-party prior art witnesses that Navitas identified in California or Asia. Opp. at 12-13. Nor does it have a good answer for the fact that it would be substantially more convenient for them to hold the trial in California compared to this District. Opp. at 12-13; *Gen. Sci. Corp. v. Den-Mat Holdings*, C.A. No. 21-882-CFC, 2021 WL 4622548, at *3 (D. Del. Oct. 7, 2021) ("[T]he Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation." (quoting *Altera*, 842 F. Supp. 2d at 757)). Vaguely asserting that "international travel is equally burdensome," Opp. at 13, ignores that the undisputed shorter flight times and lower cost of traveling from Asia to California, Mot. at 11-12 (citing Navitas Ex. 2 at 1-4), would substantially mitigate the risk that these potential third-party witnesses "would refuse to testify," *Dialect v. Google*, C.A. No. 23-378-GBW, 2024 WL 1328908, at *3 (D. Del. Mar. 28, 2024). Plaintiff's cited authority is misplaced because they never address the inconvenience of international third-party prior art witnesses. Opp. at 11-12 (citing *Varian Med. Sys. v. Elekta AB*, C.A. No. 15-871-LPS-CJB, 2016 WL 3341865, at *7 (D. Del. June 8, 2016); *Smart Audio Techs. v. Apple*, 910 F. Supp. 2d 718, 732 (D. Del. 2012)).

Its argument that "Wolfspeed's named inventors and engineers" should be given consideration, Opp. at 13, falls flat given Plaintiff's concession one paragraph prior that "party witnesses… carry no weight in the 'balance of convenience' analysis," Opp. at 12 (quoting *Altera*, 842 F. Supp. 2d at 757).

Because Plaintiff does not show that any of the identified third-party witnesses are within the subpoena power of this District, *see* Opp. at 12-13, this factor only supports transfer.

**F. Factor 6: The Location Of Books and Records Favors Transfer**

Plaintiff asserts that "this factor rarely carries significant weight" because of electronic discovery, Opp. at 13-14, before contradicting its own premise in the next paragraph by arguing

that the case should remain in Delaware because Plaintiff's own "laboratory notebooks, research reports, design specifications, simulation data, and testing results" are in "North Carolina and Arkansas." Opp. at 14; *see also Link_A_Media*, 662 F.3d at 1224 ("While advances in technology may alter the weight given to these factors, it is improper to ignore them entirely."). Given that Plaintiff does not dispute that "the bulk of the relevant evidence" in this patent infringement case will likely come from Navitas in California, this factor also supports transfer. Mot. at 12 (quoting *In re Apple*, 979 F.3d 1332, 1340 (Fed. Cir. 2020)); Opp. at 13-14.

**G. Factor 7: Enforceability Of A Judgment Is Neutral**

The parties agree this factor is neutral. *See* Mot. at 14; Opp. at 14.

**H. Factor 8: Practical Considerations Weigh In Favor Of Transfer**

This factor supports transfer for the reasons discussed in factors two through six. Mot. at 7-13; *supra* §§ I.B-I.F. The Central District of California is closer and more convenient for Navitas' party and third-party witnesses. Plaintiff's citation to *Nokia* to override these practical considerations because of an unrelated Texas lawsuit likewise fails. Opp. at 14-15; *supra* § I.D.

**I. Factor 9: Data Supports That The Central District Will Try This Suit Sooner**

Plaintiff has no answer to the reality that "Court congestion in the District of Delaware is among the worst in the country." Mot. at 13 (quoting *Camcara v. Air Prods. & Chems.*, C.A. No. 20-1271-RGA, 2021 WL 5428884, at *1 (D. Del. May 4, 2021)). Nor does Plaintiff dispute the statistics showing faster median times to disposition and trial in the Central District of California, Mot. at 13 (citing Navitas Ex. 1 at 1-2), instead arguing that the U.S. Courts' latest statistics are a "poor measure" of court congestion and should be disregarded. Opp. at 15 (citing Mot. at 13).

Plaintiff falls short of showing this District is less congested than its official statistics show. *See* Opp. at 15. Plaintiff's citation to two marketing articles and a conference paper, *see* Wolfspeed Exs. 10-12, does not change or undercut the U.S. Court's own statistics reporting that Delaware's

federal civil docket is currently more congested than the Central District of California. *See* Mot. at 13; Navitas Ex. 1 at 1-2. Even the historical "2023 data" Plaintiff submits, Opp. at 15 (citing Wolfspeed Ex. 11 at 816), shows Delaware's congested patent docket: "the average time to claim construction" in "the Central District of California at 21 months, the District of Delaware at 26 months" and "the average time to jury trial" in "the Central District of California averaged 36 months, the District of Delaware averaged 45 months." Wolfspeed Ex. 11 at 815-16.

Because Plaintiff offers nothing showing this case would go to trial faster in this District, this factor additionally supports transfer.

### J. Factor 10: The Central District Of California Has A Local Interest In Deciding This Dispute

Plaintiff ignores Navitas' cited caselaw that mere incorporation without significant connections does not create a uniquely Delaware local interest in this dispute. Mot. at 14 (citing *Nottenkamper v. Modany*, C.A. No. 14-672-GMS, 2015 WL 1951571, at *1,*5 (D. Del. Apr. 29, 2015); *In re Hoffmann-La Roche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *Link_A_Media*, 662 F.3d at 1224). Plaintiff's non-response to the point that "Factor 10 supports transfer," Mot. at 14, only "concede[s] the point," *Bench Walk Lighting*, 530 F. Supp. 3d at 477.

Plaintiff's own cited precedent for Factor 10 does not support it. Opp. at 16-17. Instead of establishing that this patent dispute is "a quintessential Delaware 'local controversy'" as Plaintiff urges, Opp. at 16, they hold that "in patent infringement cases the local interest factor is typically neutral 'because patent issues do not give rise to a local controversy or implicate local interests,'" *Intellectual Ventures I v. Checkpoint Software Techs.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011) (cited Opp. at 16). Plaintiff admits exactly that one paragraph later: "in patent litigation, 'the local interest factor is typically neutral, as patent issues tend to raise controversies that are more properly

viewed as national, not local, in scope.'" Opp. at 17 (quoting *Varian*, 2016 WL 3341865, at *10). Plaintiff's assertion that Factor 10 "weighs against transfer" is unsupported. *See* Opp. at 18.

### K. Factor 11: Public Policy Does Not Bar Transfer

Plaintiff's effort to defeat transfer by elevating Delaware public policy over California also falls short. *See* Opp. at 18. Plaintiff concedes that "California undoubtedly has an interest in cases" like this one. Opp. at 18. Plaintiff's invocation that "Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts," Opp. at 18, instead "applies to use of Delaware's state courts… to resolve disputes of Delaware law." *Express Mobile*, 2020 WL 3971776, at *5 (quoting *Wacoh v. Kionix*, 845 F. Supp. 2d 597, 604 n.9 (D. Del. 2012)). Given this is a patent lawsuit, "there is no reason to believe that states would apply differing public policy considerations in the application of federal patent law." *Dialect*, 2024 WL 1328908, at *4; *see also Express Mobile*, 2020 WL 3971776, at *5.

Finally, the Opposition's revisiting Navitas "leasing office space" in California, Opp. at 18-19, only confirms that this Factor 11 also supports transfer, *supra* § I.A.

### L. Factor 12: Knowledge Of State Law Is Inapplicable To A Federal Patent Case

The parties agree this factor is "inapplicable." Opp. at 19; *see* Mot. at 14 ("irrelevant").

## II. CONCLUSION

Navitas respectfully requests the Court exercise its discretion and grant its motion to transfer venue to the Central District of California.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

September 30, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 30, 2026, upon the following in the manner indicated:

Andrew C. Mayo, Esquire *VIA ELECTRONIC MAIL*
Jeffrey J. Lyons, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

Blaney H. Harper, Esquire *VIA ELECTRONIC MAIL*
Nicole A. Page, Esquire
JONES DAY
2727 North Harwood Street
Suite 600
Dallas TX, 75201
*Attorneys for Plaintiff*

Evan P. Tassis, Esquire *VIA ELECTRONIC MAIL*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
*Attorney for Plaintiff*

Eamon M. Heaney, Esquire *VIA ELECTRONIC MAIL*
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
*Attorney for Plaintiff*

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)