IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WOLFSPEED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-818 (GBW) |
| | ) | |
| NAVITAS SEMICONDUCTOR CORPORATION, NAVITAS SEMICONDUCTOR IRELAND, LLC; GENESIC SEMICONDUCTOR LLC; and NAVITAS SEMICONDUCTOR USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION**
**<u>TO STAY PENDING REEXAMINATION</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

October 27, 2026

## TABLE OF CONTENTS


I. NATURE AND STAGE OF THE PROCEEDINGS ........ 1

II. SUMMARY OF ARGUMENT ........ 2

III. STATEMENT OF FACTS ........ 3

IV. LEGAL STANDARDS ........ 3

V. ARGUMENT ........ 4

- A. Factor 1: Staying This Case Will Undoubtedly Simplify The Issues For Trial ........ 4
- B. Factor 2: A Stay Is Warranted Because This Case Is Still In Its Infancy ........ 6
- C. Factor 3: Staying The Case Would Not Unduly Prejudice Plaintiff ........ 7

VI. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

*Abbott Diabetes Care v. DexCom*,
C.A. No. 06-514-GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ........................3, 5, 6

*Brit. Telecomms. PLC v. IAC/InterActiveCorp*,
C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019)................................4

*Clinton v. Jones*,
520 U.S. 681 (1997)..........................................................................................................3

*Consumeron v. MapleBear Inc.*,
C.A. No. 21-1147-GBW-MPT, 2023 WL 3434002 (D. Del. May 12, 2023) .................5, 6

*Dental Monitoring v. Get-Grin Inc.*,
C.A. No. 22-647-WCB, 2024 WL 1603403 (D. Del. Apr. 9, 2024) ..............................4, 8

*Dentsply Int'l v. Kerr Mfg. Co.*,
734 F. Supp. 656 (D. Del. 1990)........................................................................................3

*Ethicon v. Intuitive Surgical*,
C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) .............................4, 6

*Ever Win Int'l v. RadioShack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012).........................................................2, 5, 6, 7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...........................6, 7

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
C.A. No. 12-662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013) ...............................7, 8

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .............................5, 8

*TTI Consumer Power Tools, Inc. v. Lowe's Home Centers LLC*,
C.A. No. 22-673-CFC, 2022 WL 16739812 (D. Del. Nov. 7, 2022) ................................6

## OTHER AUTHORITIES

35 U.S.C. § 303 ..........................................................................................................1, 3, 7

Last week Navitas filed the last of five *ex parte* reexamination requests with the Patent Office challenging every claim of the five patents-in-suit. The Patent Office is required by statute to issue a decision on these reexamination requests by January 2027, 35 U.S.C. § 303(a), and it orders reexamination 92.7% of the time, Ex. 6 at 1. Once ordered, 77% of reexaminations result in either claims changed or all claims canceled. Ex. 6 at 2.

A stay is warranted to conserve judicial and party resources from litigating claims that may be changed or invalidated. Patent Office statistics show that reexamination will almost certainly be granted, and any outcome would potentially simplify, streamline, or even moot any trial in this action. Because Navitas diligently filed these requests within a month of Plaintiff's First Amended Complaint, and sought a stay the following week, the early stage of the case both favors a stay and defeats any argument of tactical advantage. Finally, because there are many major companies competing in the large market for wide-bandgap devices, and Plaintiff notably decided not to pursue preliminary injunctive relief, no undue prejudice would result from a stay. For these reasons, Navitas respectfully requests the Court stay this action pending the outcome of the five reexamination proceedings.

Should the Court grant this motion to stay, Navitas respectfully submits that the Court may dismiss without prejudice Navitas' pending motion to transfer this action to the Central District of California (D.I. 19) and pending motion to dismiss the First Amended Complaint (D.I. 29). Navitas further requests that such dismissal be with leave to re-file both motions within fourteen days of the stay lifting.

## I. NATURE AND STAGE OF THE PROCEEDINGS

This patent infringement case alleges that defendants infringe five patents relating to wide-bandgap semiconductor devices. D.I. 24 ¶¶ 17-31. No scheduling order has been entered and no trial date has been set.

Plaintiff filed its initial complaint in July 2026. D.I. 1. After Navitas moved to dismiss all Counts I-V, D.I. 16, and to transfer this case to the Central District of California, D.I. 19, Plaintiff filed its First Amended Complaint on September 18, 2026, D.I. 24. Because the FAC did not address most of the grounds of the original Motion to Dismiss, Navitas filed a second Motion to Dismiss the FAC on October 9, 2026. D.I. 29.

Navitas filed five *ex parte* reexamination requests with the U.S. Patent Office challenging all claims of the patents-in-suit between October 16-19, 2026. Exs. 1-5.

## II. SUMMARY OF ARGUMENT

This case should be stayed pending resolution of these reexaminations covering all claims of the five patents-in-suit to simplify and streamline any trial in this case, and avoid expending judicial or party resources on invalid patent claims.

1. Reexamination almost certainly will simplify the instant case. The U.S. Patent & Trademark Office ("PTO") grants 92.7% of reexamination requests, and 77% of reexaminations result in either changes to claim scope or cancellation of all claims. Ex. 6 at 1-2. All "possible outcomes" of reexamination result in potential simplification by reducing or narrowing the asserted claims for trial. *Ever Win Int'l v. RadioShack Corp.*, 902 F. Supp. 2d 503, 505-06 (D. Del. 2012).

2. Essentially nothing has happened in this case, which remains in the pleading stage. The Court has not conducted a Rule 16 scheduling conference or set a trial date. A stay will therefore advance judicial efficiency and conserve resources by ensuring that no one expends resources addressing invalid claims.

3. Plaintiff will not be unduly prejudiced. The delay inherent in a stay does not establish undue prejudice. Patent Office statistics show that the median time to completion for *ex parte* reexamination is only 18.9 months. Ex. 6 at 2. Defendants' diligence in both filing the five

reexamination requests within about one month of the First Amended Complaint and seeking a stay the following week provides no evidence of any tactical delay. Plaintiff's decision not to pursue a preliminary injunction against the Defendants, or any of the other major companies in the wide-bandgap market, shows a stay will not unduly prejudice it.

## III. STATEMENT OF FACTS

With sweeping patent policy changes at the Patent Office, *inter partes* reviews have plummeted and *ex parte* reexaminations are surging. Ex. 7 at 1 ("The U.S. Patent and Trademark Office's second quarter [2026] saw the agency receiving more requests for ex parte reexamination and fewer petitions for America Invents Act reviews than any quarter before….").

*Ex parte* reexaminations have considerable overlap with erstwhile IPRs. They both challenge patent validity and resolve relatively quickly. The Patent Office has a statutory deadline "[w]ithin three months following the filing of a request for reexamination" to determine whether to order reexamination. 35 U.S.C. § 303(a). If ordered, the median pendency from "filing date to certificate issue date" is 18.9 months. Ex. 6 at 2.

According to Patent Office statistics for the last fiscal year ending on September 30, 2025, 92.7% of reexamination requests are granted. Ex. 6 at 1 ("No. granted… 92.7%"), *available at* https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf. Once granted, third-party reexaminations result in the following outcomes: 61.0% see claims changed, 16.1% have all claims canceled, and only 22.9% confirm all claims. Ex. 6 at 2.

## IV. LEGAL STANDARDS

"A United States district court has broad power to stay proceedings." *Dentsply Int'l v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citation omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). "This authority applies equally to patent cases in which a reexamination by

the PTO has been requested." *Abbott Diabetes Care v. DexCom*, C.A. No. 06-514-GMS, 2007 WL 2892707, at *4 (D. Del. Sept. 30, 2007).

District courts apply a "liberal policy in favor of issuing stays pending post-grant proceedings" such as reexamination. *Dental Monitoring v. Get-Grin Inc.*, C.A. No. 22-647-WCB, 2024 WL 1603403, at *5 (D. Del. Apr. 9, 2024). "Courts typically rely on three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Ethicon v. Intuitive Surgical*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019).

## V. ARGUMENT

Given that the Patent Office grants 92.7% of reexamination requests and Navitas' five reexaminations cover all claims of the five patents-in-suit, a stay is warranted here. Patent Office statistics show reexamination almost certainly will be ordered, and any outcome promises to simplify the issues for trial and guard against either the court or parties expending resources on invalid claims. Given Navitas' diligence in filing the reexaminations and seeking a stay in the earliest stages of this case, no undue prejudice will result from a stay at this juncture.

### A. Factor 1: Staying This Case Will Undoubtedly Simplify The Issues For Trial

Simplification is "[t]he most important factor bearing on whether to grant a stay" pending concurrent Patent Office proceedings. *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019). There is no doubt that the reexaminations will simplify and streamline the patent issues in the present case.

Navitas requested reexamination of every claim of the five patents-in-suit. Exs. 1-5. Statistically speaking, reexamination is almost certain to be granted here. According to the U.S. Patent Office's recent fiscal-year data released in 2025, the Patent Office grants 92.7% of

reexamination requests. Ex. 6 at 1. Assuming an independent 7.3% chance that any request is denied, the likelihood of having all five reexaminations denied outright is only 2 chances in a million (.0002% = 7.3% × 7.3% × 7.3% × 7.3% × 7.3%). Although the "PTO has yet to render a decision on [defendant]'s petition, the statistics referenced by the defendants suggest that it will likely grant review." *Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) ("*Neste I*").

Once granted, reexamination will very likely simplify the patent issues for trial. The Patent Office's data shows 77% of reexaminations result in patents with either claims changed or all claims canceled. Ex. 6 at 2 (showing claims were changed in 61.0% and canceled in 16.1% of third-party requested reexaminations). In other words, Wolfspeed's odds of escaping reexamination unscathed are grim.

"[S]taying the present case until the reexamination of the [sic] all of the patents-in-suit is complete will facilitate and simplify issues for trial." *Abbott Diabetes*, 2007 WL 2892707, at *5. Indeed, all "possible outcomes" of reexamination support simplification of a patent case:

> When a patent claim is reexamined by the PTO, there are three possible outcomes—it can be cancelled as unpatentable, it can be confirmed as originally written, or it can be modified. Whatever outcome occurs, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified claim.

*Ever Win*, 902 F. Supp. 2d at 505-06 (citing *Abbott Diabetes*, 2007 WL 2892707, at *5). Even if reexamination ultimately confirms patentability, the Court would nonetheless "gain the benefit of additional prosecution history" informing claim construction. *Consumeron v. MapleBear Inc.*, C.A. No. 21-1147-GBW-MPT, 2023 WL 3434002, at *2 (D. Del. May 12, 2023).

Because the reexaminations can only simplify the patent issues for trial, staying this case while the reexaminations proceed is warranted.

**B. Factor 2: A Stay Is Warranted Because This Case Is Still In Its Infancy**

A stay is warranted because essentially nothing has happened in this case, aside from the filing of Navitas' pending motions to dismiss the complaints and to transfer this case to California. D.I. 16, 19, 29. "Motions to stay pending reexamination are typically granted in the early stages of patent litigation." *Ever Win*, 902 F. Supp. 2d at 507. "Granting a stay at this early stage will advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their resources addressing invalid claims." *TTI Consumer Power Tools, Inc. v. Lowe's Home Centers LLC*, C.A. No. 22-673-CFC, 2022 WL 16739812, at *2 (D. Del. Nov. 7, 2022).

This case is in the early pleading stages, and a stay is warranted given that "the court has not yet conducted a Rule 16(2)(b) scheduling conference, no scheduling Order is in place, no discovery has taken place, and little time has yet to be invested in the litigation." *Abbott Diabetes*, 2007 WL 2892707, at *5. This is particularly true because "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019).

Given that courts have paused litigation considerably further along, staying this case is appropriate. *See, e.g.*, *Consumeron*, 2023 WL 3434002, at *2 (granting stay after "[t]he parties have finished expert discovery and a trial date has already been set for [later] this year"); *Ethicon*, 2019 WL 1276029, at *2 (granting stay in "an advanced stage" case at the conclusion of expert discovery). "Because Defendant's motion to stay was filed early in this case, this factor weighs strongly in favor of a stay." *Ever Win*, 902 F. Supp. 2d at 508.

### C. Factor 3: Staying The Case Would Not Unduly Prejudice Plaintiff

Finally, Plaintiff will not be unduly prejudiced or disadvantaged by the early-stage stay of this case. The delay inherent in any stay does not itself establish undue prejudice. *See, e.g.*, *Ever Win,* 902 F. Supp. 2d at 509 ("The Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced." (alteration in original) (citation omitted)); *Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) ("[T]he potential for delay does not, by itself, establish undue prejudice.") ("*Neste II*").

None of the undue prejudice factors dictate denying a stay here: "(1) the timing of the request for reexamination; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties." *Ever Win*, 902 F. Supp. 2d at 508.

***Timing of Reexamination Request and Stay Request***. "Here, the timing of the reexamination request and motion to stay present no evidence that the defendants sought an unfair tactical advantage." *Neste II*, 2013 WL 424754, at *2. All five reexamination requests were filed by October 19, 2026—about a month after Wolfspeed filed its First Amended Complaint on September 18, 2026. *Compare* D.I. 24, *with* Exs. 1-5. The following week, Navitas promptly filed the instant motion to stay. Navitas' diligence supports staying the case. *See, e.g.*, *Ever Win*, 902 F. Supp. 2d at 508 (finding no tactical delay where reexam requests were filed "mere months" after complaint); *IOENGINE*, 2019 WL 3943058, at *6 ("a delay of six months from the filing of the complaint is not unreasonable" and did not prejudice plaintiff).

***Reexamination Status***. All five reexamination requests are pending, with decisions from the Patent Office due by January 2027. 35 U.S.C. § 303(a) (PTO must issue decisions on the reexam request within three months). Courts grant stays when Patent Office proceedings are "not at an advanced stage," *IOENGINE*, 2019 WL 3943058, at *6, including when the "PTO has not

yet decided whether to grant [Defendant]'s petition," *Neste I*, 2013 WL 3353984, at *2. And, in the highly unlikely event that the reexaminations are denied, the stay would swiftly lift after the Patent Office issues its January 2027 decisions. If ordered, the reexamination will last about as long as an 18-month IPR proceeding: Patent Office statistics show a "median pendency [of] 18.9 (mos.)" for reexamination. Ex. 6 at 2. The current status of the reexaminations does not prejudice Plaintiff.

***Parties' Relationship***. The relationship of the parties does not dictate against a stay here. Plaintiff's decision not to seek "a preliminary injunction in this case.… tends to undermine [Plaintiff]'s argument that it is being severely prejudiced by the presence of [the accused] products." *Dental Monitoring*, 2024 WL 1603403, at *9; *Neste II*, 2013 WL 424754, at *3. Even where the parties are competitors, this factor "carries less weight in the analysis" in the present circumstances where "there are a number of active firms in the relevant market." *Dental Monitoring*, 2024 WL 1603403, at *9 (citation omitted). The wide bandgap market includes numerous major companies that are not parties to this case. Ex. 8 at 2. ("Companies active in the USA Wide-Bandgap Semiconductors Market include Wolfspeed, ROHM (SiCrystal), STMicroelectronics, Infineon, Microchip Technology, Analog Devices, Texas Instruments, Navitas, Mitsubishi Electric, and Semikron Danfoss."); *Neste II*, 2013 WL 424754, at *3 (finding "less cause for concern" of undue prejudice "when there are a number of active firms in the relevant market").

Navitas' diligence and the undue prejudice factors only support a stay under these circumstances.

## VI. CONCLUSION

Navitas respectfully asks the Court to grant its motion and stay the case pending the last of the Patent Office's decisions expected by January 2027, and to extend the stay if reexamination is ordered as set forth in Navitas' proposed order, filed concurrently herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

October 27, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 27, 2026, upon the following in the manner indicated:

Andrew C. Mayo, Esquire
Jeffrey J. Lyons, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Blaney H. Harper, Esquire
Nicole A. Page, Esquire
JONES DAY
2727 North Harwood Street
Suite 600
Dallas, TX 75201
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Evan P. Tassis, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
*Attorney for Plaintiff*

*VIA ELECTRONIC MAIL*

Eamon M. Heaney, Esquire
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
*Attorney for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)