IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WOLFSPEED, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 26-818 (GBW) |
| NAVITAS SEMICONDUCTOR CORPORATION, NAVITAS SEMICONDUCTOR IRELAND, LLC; GENESIC SEMICONDUCTOR LLC; and NAVITAS SEMICONDUCTOR USA, INC., | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

October 30, 2026

# TABLE OF CONTENTS


I. THE OPPOSITION CONFIRMS THAT THE FAC FAILS TO PLEAD A CLAIM FOR PATENT INFRINGEMENT ....... 1

A. The Opposition's Strawman That Navitas Applied The Wrong Pleading Standard Fails ....... 1

B. The Opposition Fails To Defend The Plausibility of Any Patent Infringement Count In The FAC ....... 3

1. '392 Patent Count ....... 3

2. '005 Patent Count ....... 5

3. '418 Patent Count ....... 5

4. '396 Patent Count ....... 6

5. '443 Patent Count ....... 6

C. The Opposition's Cited Authority Shows Dismissal of the FAC Is Warranted ....... 7

II. THE FAC FAILS TO PLEAD INDIRECT INFRINGEMENT FOR ANY PATENT ....... 9

III. COUNT III FAILS TO SUFFICIENTLY PLEAD PRE-SUIT DAMAGES BEFORE MAY 11, 2026 ....... 9

IV. CONCLUSION ....... 10

**TABLE OF AUTHORITIES**


*Adnexus v. Meta Platforms*,
160 F.4th 1216 (Fed. Cir. 2025) ....................2, 7

*AlexSam v. Aetna*,
119 F.4th 27 (Fed. Cir. 2024) ....................2, 10

*Amsted Indus. v. Buckeye Steel Castings*,
24 F.3d 178 (Fed. Cir. 1994)....................9, 10

*Boston Scientific v. Nevro*,
415 F. Supp. 3d 482 (D. Del. 2019)....................8, 9

*Bot M8 v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ....................1, 2, 3, 4, 7

*DermaFocus v. Ulthera*,
201 F. Supp. 3d 465 (D. Del. 2016)....................7

*DSM IP v. Honeywell Int'l*,
700 F. Supp. 3d 189 (D. Del. 2023)....................6

*Empire Tech. Dev. v. Advanced Micro Devices*,
C.A. No. 25-1049-JCG, 2026 WL 538120 (D. Del. Feb. 26, 2026)....................2, 8

*Greenthread v. Omnivision Techs*,
C.A. No. 23-212-JRG, 2023 WL 8653155 (E.D. Tex. Dec. 14, 2023) ....................8

*Guidance Endodontics v. Dentsply Sirona*,
C.A. No. 25-1123, 2026 WL 2287895 (D. Del. Aug. 10, 2026) ....................10

*Kyocera Senco v. Int'l Trade Comm'n*,
22 F.4th 1369 (Fed. Cir. 2022) ....................6, 7

*Olink Proteomics v. Alamar Bioscis.*,
C.A. No. 23-1303-MN, 2025 WL 275604 (D. Del. Jan. 23, 2025) ....................5

*Rothschild v. Cree*,
711 F. Supp. 2d 173 (D. Mass. 2010) ....................6

*Stryker European Operations Holdings v. Treace Med. Concepts*,
823 F. Supp. 3d 496 (D. Del. 2026)....................2, 7

*VDPP v. Volkswagen Grp.*,
186 F.4th 1372 (Fed. Cir. 2026) ....................10

*WiTricity v. Momentum Dynamics*,
563 F. Supp. 3d 309 (D. Del. 2021)....................7, 8

Navitas pointed out the deficiencies in all five patent-infringement counts after Wolfspeed filed its Complaint. D.I. 16. Wolfspeed ignored them when it filed the FAC. The Opposition again tries to ignore them, devoting most of its briefing to arguing about the patent pleading standard under *Iqbal/Twombly*. Ironically, the only inaccurate recitation of the pleading standard is provided by the Opposition, which conveniently excuses the FAC of providing the required "***factual allegations*** that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (emphasis added).

When the Opposition gets around to defending the FAC's actual pleadings on page 12, it points to very few factual allegations. Instead, Wolfspeed argues that its solitary red arrows are fierce multitaskers, each simultaneously identifying several distinct structures. It also asks that its contradictory and/or implausible claims be saved for another day. But ignoring them will not make these problems go away, and only risks the Court and parties expending considerable resources litigating nonviable claims.

Wolfspeed has now known about these problems through multiple rounds of pleading. If it did have any facts or extra red arrows that could support its flawed infringement allegations, it would have pled them. That it has not means Counts I-V should be dismissed.

## I. THE OPPOSITION CONFIRMS THAT THE FAC FAILS TO PLEAD A CLAIM FOR PATENT INFRINGEMENT

### A. The Opposition's Strawman That Navitas Applied The Wrong Pleading Standard Fails

The Opposition principally argues a strawman, asserting that Navitas applied "a heightened pleading standard." D.I. 31 ("Opp.") at 5. Yet both parties agree that the *Iqbal*/*Twombly* pleading standard applies here, requiring that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" D.I. 30 ("Mot.") at 3-4; Opp. at 4

(both quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Both parties also invoke the Federal Circuit's *Bot M8* decision setting forth what *Iqbal/Twombly* requires in patent cases:

> a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. ***There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim***.

4 F.4th at 1353 (emphasis added) (cited by Mot. at 5; Opp. at 4-5). There is no serious dispute that *Bot M8* applies here; the Opposition's own authority also applies the *Bot M8* standard. *See, e.g.*, *Adnexus v. Meta Platforms*, 160 F.4th 1216, 1221 (Fed. Cir. 2025) (citing *Bot M8*, 4 F.4th at 1353; cited by Opp. 6, 12-13); *AlexSam v. Aetna*, 119 F.4th 27, 35 (Fed. Cir. 2024) (same; cited by Opp. at 6); *Stryker European Operations v. Treace Med. Concepts*, 823 F. Supp. 3d 496, 501 (D. Del. 2026) (same; cited Opp. at 9, 12-14, 17); *Empire Tech. Dev. v. Advanced Micro Devices*, C.A. No. 25-1049-JCG, 2026 WL 538120, at *2 (D. Del. Feb. 26, 2026) (same; cited Opp. at 1, 5, 10).

Wolfspeed asserts that Rule 8 merely requires that its "FAC identifies the Accused Products by name," "identifies the Asserted Patents," "alleges that the Accused Products infringe at least one claim of each," and "incorporates an infringement chart." Opp. at 5. Yet this articulation of the pleading requirements conveniently excuses Wolfspeed from providing any of the required "factual allegations" supporting its infringement theories. *See id.*; *Bot M8*, 4 F.4th at 1353. Indeed, Wolfspeed straight-up argues: "Specific facts are not necessary." Opp. at 6 (citing *AlexSam, Inc.,* 119 F.4th at 39). Its cited caselaw does not support such a sweeping statement, explaining under the *Iqbal/Twombly* standard that the required "[f]actual allegations must be enough to raise a right to relief above the speculative level" and only that "'[s]pecific facts are not necessary' ***to support every allegation in the complaint***." *AlexSam*, 119 F.4th at 39 (emphasized words omitted from Opp. at 6) (citations omitted); *Bot M8*, 4 F.4th at 1353 ("There must be some

***factual allegations*** that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." (emphasis added)).

Plainly the Opposition's effort to escape the controlling pleading standard should be rejected. *See* Opp. at 5-11. Even if "[p]leading infringement is a 'low bar,'" Opp. at 1 (citation omitted), the FAC still needs to clear it, *see Bot M8*, 4 F.4th at 1353. Wolfspeed's inability to point to any sufficient factual allegations in the FAC confirms Counts I-V should be dismissed.

**B. The Opposition Fails To Defend The Plausibility of Any Patent Infringement Count In The FAC**

The Opposition does not defend the actual allegations in the FAC until page 12. *See* Opp. at 12. Even then, it has comparatively little to say. *See* Opp. at 12-17. Wolfspeed instead asks that its self-contradictory and implausible claims that Navitas infringed the "devoid of a baseplate" and other limitations should be saved for later. *See id.* at 13 (requesting "later resolution" of '392 Patent count); *id.* at 15-16 ('396 and '443 Patent counts should be saved for "discovery"). Its argument that the FAC's multitasking arrows are indicating multiple separate structures simultaneously does not withstand any scrutiny. *See id.* at 14-15. Finally, the Opposition asserts that Navitas "demand[s] facts they possess," *id.* at 11, when in fact the Motion holds the FAC to the minimum pleading standard to show it states a plausible infringement theory for the products it purports to accuse of patent infringement.

**1. '392 Patent Count**

Wolfspeed does not seriously defend its allegations that the accused product satisfies the '392 claim requirement of "devoid of a baseplate," instead pointing to "[a]nnotated images" for other claimed requirements of a "substrate, base layer, and a conductive layer." Opp. at 12-13. Claim 1[d] requires that "the power converter module is devoid of a baseplate," yet what Wolfspeed identifies as satisfying the "power converter module" includes a copper baseplate.

FAC Ex. 7 at 4. Nothing in Exhibit 7 pleads any facts demonstrating how the accused products are "devoid of a baseplate." *See id.; see also* Opp. at 12-13.

Wolfspeed next asserts that its Patent Office statements should be ignored, arguing that they raise a "claim-construction dispute," or at least "a factual dispute." Opp. at 12-13. That is a red herring because the FAC's pleading error is more fundamental. Wolfspeed has no answer for how it can plausibly plead infringement that a module with a copper plate is "devoid of a baseplate" when it told the Patent Office the exact opposite to obtain the '392 Patent:




*See* Opp. at 12-14; Mot. at 9; *compare* FAC Ex. 7 at 4, *with* Mot. Ex. A at 20. Wolfspeed's attempt to walk away by "qualif[ying its] statement" only confirms its disclaimer. Opp. at 13.

Nor does Wolfspeed dispute that, through its facially implausible claims, it can "plead[] itself out of court" by providing "factual allegations [that] are actually *inconsistent* with and contradict infringement." *Bot M8*, 4 F.4th at 1354 (original emphasis). Wolfspeed never identifies any claim construction or factual dispute that would transform a device containing the copper plate it labeled "a baseplate" into one that is "devoid of a baseplate" to make its infringement claim plausible. Opp. at 12-14.

Wolfspeed's last-ditch argument is that "this District routinely decline[s] to dismiss on disclaimer grounds at the pleading stage." *Id.* at 14. But its own cited authority acknowledges

that disclaimer is a valid basis for "dismissal at this early stage of the case." *Olink Proteomics v. Alamar Bioscis*., C.A. No. 23-1303-MN, 2025 WL 275604, at *6 (D. Del. Jan. 23, 2025) (cited by Opp. at 14). This same cited authority cites to several decisions, affirmed by the Federal Circuit, where this District did just that—dismissing patent infringement complaints because of surrendered claim scope. *Id.* at *6-7 (citing, *e.g.*, *Eagle Pharms v. Slayback Pharma*, 382 F. Supp. 3d 341 (D. Del. 2019), *aff'd*, 958 F.3d 1171 (Fed. Cir. 2020); *Amgen v. Coherus BioScis.*, 931 F.3d 1154 (Fed. Cir. 2019) (affirming C.A. No. 17-546, 2018 WL 1517689 (D. Del. Mar. 26, 2018)).

**2. '005 Patent Count**

Apparently unable to defend the one red arrow pointing to nothing in Claim 15[f], Mot. at 9-11, Wolfspeed tries to offer up others, asserting that "Exhibit 8 contains ***nine*** arrows," Opp. at 14 (original emphasis). But if Exhibit 8 had actually identified the "specific regions" of the accused products, and the relationship between them specified in Claim 15[f], Wolfspeed could easily have pointed to them in the FAC. *See* Opp. at 14. Indeed, Wolfspeed's argument that its sole red arrow identifies the multiple structures only demonstrates the deficiency of its pleading. *Id.* at 15; FAC Ex. 8 at 5 (Claim 15[f] requiring "a plurality of insulating spacer layers" including a "first of said spacer layers" and "others of said spacer layers" in certain locations). Nothing in Exhibit 8 explains what the sole red arrow points to that satisfies the "spacer layers," much less identifies a "first" and "second" spacer layer.

**3. '418 Patent Count**

Wolfspeed again offers little to defend the one red arrow for Claim 1[b]. It argues that this "arrow points to a gate electrode," plus "a gate insulating finger," plus the finger's "substantially uniform thickness." Opp. at 15. Pretending one arrow can simultaneously do so many different things only reveals the '418 Patent claim chart is deficient. *See* Mot. at 11-12; FAC Ex. 9 at 3-4.

**4. ’396 Patent Count**

The Opposition concedes that the FAC did not identify the claimed doping concentrations for the ’396 Patent, instead arguing “doping profiles are not publicly ascertainable” and it “need not plead what only the defendant knows.” Opp. at 15. Leading semiconductor manufacturer Wolfspeed (formerly known as Cree) certainly is aware that semiconductor doping concentrations are ascertainable. *See, e.g.*, *Rothschild v. Cree*, 711 F. Supp. 2d 173, 215 (D. Mass. 2010) (discussing “Cree’s interpretation of the test results” to decide whether Cree “introduce[s] infringing quantities of co-dopants” in patent case).

Even assuming the concentrations were not publicly ascertainable, Wolfspeed’s own cited caselaw demonstrates it cannot plead ignorance when its FAC instead alleged this limitation was literally met by the accused products. FAC Ex. 10 at 6 (alleging Navitas’ “G3R30MT12K ***has***… [a] recessed portion [that] ***has*** a doping concentration less than the doping concentration of the at least one well region” (emphases added)). Unlike some of its other infringement allegations, *e.g.*, FAC ¶¶ 43-44, 50-51, 57-58, 63-64, 70-71, Wolfspeed decided not to plead infringement of the doping limitations based on “information and belief,” which would permit consideration of any difficulty in ascertaining the concentrations. *See, e.g.*, *DSM IP v. Honeywell Int’l*, 700 F. Supp. 3d 189, 196 (D. Del. 2023) (cited by Opp. at 12, 15-16). Wolfspeed’s admitted failure to adequately plead infringement of the doping concentrations requires dismissal of Count V.

**5. ’443 Patent Count**

Wolfspeed admits that it relies on the same 7.43 nH to satisfy separate claim limitations: “stray inductance value” and “a power module structured, arranged, and configured to reduce inductance.” Opp. at 16 (citing FAC Ex. 6 at 7). But it offers nothing to rebut the presumption that those separately claimed “value” and “power module” are distinct. Opp. at 16; *Kyocera Senco v. Int’l Trade Comm’n*, 22 F.4th 1369, 1382 (Fed. Cir. 2022) (“There is, therefore, a presumption

that those components are distinct." (citing *Becton, Dickinson v. Tyco Healthcare*, 616 F.3d 1249, 1254 (Fed. Cir. 2010))). Wolfspeed's effort to distinguish *Kyocera*'s holding based on procedural differences falls flat. *See* Opp. at 16.

**C. The Opposition's Cited Authority Shows Dismissal of the FAC Is Warranted**

Wolfspeed's cited precedent does not salvage its patent infringement counts. It first argues that "infringement charts are 'not necessary in order to plead a claim that can survive a motion to dismiss.'" Opp. at 6 (citing *Adnexus*, 160 F.4th at 1223). But when a plaintiff decides to "attach[] claim charts," they still must provide "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes," *Adnexus*, 160 F.4th at 1221, 1223 (quoting *Bot M8*, 4 F.4th at 1353).

Citing *Stryker*, *WiTricity*, and *DermaFocus*, Wolfspeed also argues that "complaints pairing elements with annotated images of the accused products state a claim." Opp. at 9. Wolfspeed's own authority demonstrates that not just any "annotated images" will do:

- Unlike here, *Stryker* provided detailed annotations and accompanying explanations identifying how the accused product met the patent claim requirements: "The Complaint explains… the green circle surrounds the barbed section of the accused product, the blue line defines the longitudinal axis of the accused product, and the red line represents 'a plane through the flat-cross section of the barbed section.'" *Stryker*, 823 F. Supp. 3d at 505 (cited by Opp. at 9).

- Neither *DermaFocus* nor *WiTricity* specifically addressed the adequacy of claim charts with annotated images. *DermaFocus v. Ulthera*, 201 F. Supp. 3d 465, 469-70 (D. Del. 2016); *WiTricity v. Momentum Dynamics*, 563 F. Supp. 3d 309, 328 (D. Del. 2021) (both cited by Opp. at 9). In fact, *WiTricity* refutes Wolfspeed's premise by discussing Federal Circuit precedent reiterating that a complaint attaching "photographs of the accused products" was still required to

"plead[] factual content" to properly "plead[] patent infringement under the *Iqbal/Twombly* standard." *WiTricity*, 563 F. Supp. 3d at 328 (quoting *Disc Disease Sols. v. VGH Sols.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).

Wolfspeed next relies on *Empire* and *Greenthread* to argue that "less detail [is] sufficient even for complex semiconductors." Opp. at 10. Rather than sanction less detail, these cases confirmed that facts and explanations are still required in semiconductor cases. *Empire*, 2026 WL 538120, at *5 ("Complaint provides detailed explanations with exemplary images connecting how the products infringe on each limitation...."); *Greenthread v. Omnivision Techs.*, C.A. No. 23-212-JRG, 2023 WL 8653155, *3 (E.D. Tex. Dec. 14, 2023) (Complaint "***explained*** how at least a representative product infringes, ***with enough detail*** to put [defendant] on notice of what is being accused of infringement." (emphases added) (citation modified)).




***Roche*'s Insufficient Annotations**



**FAC's Annotations for '005 Patent**

Wolfspeed's attacks on *Roche*, *Nexus*, and *Boston Scientific* are unavailing. Opp. at 7-9. As shown above, Wolfspeed has no answer for why its red arrow (right) is sufficient when Roche's annotations (left) were not. *Compare Roche Diabetes v. Trividia Health*, C.A. No. 24-668-GBW, D.I. 13 at 41-42 (excerpted), *with* FAC Ex. 8 at 5. Like the FAC did for many of the limitations

challenged here, *Nexus* found that "parrot[ing] back the language… and then, in a conclusory manner, stat[ing] [defendant]'s product infringes" is insufficient under *Iqbal/Twombly*. Mot. Ex. B at 3 (citation modified). Similarly, *Boston Scientific v. Nevro*'s complaint was found insufficient because it made "no attempt to connect specific components of the accused systems to elements of the asserted claims." 415 F. Supp. 3d 482, 490 (D. Del. 2019).

## II. THE FAC FAILS TO PLEAD INDIRECT INFRINGEMENT FOR ANY PATENT

Because the parties agree that the FAC's pleading of indirect patent infringement rises or falls with the direct infringement claims, Wolfspeed's induced infringement allegations should likewise be dismissed. *See* Mot. at 15-16; Opp. at 17.

## III. COUNT III FAILS TO SUFFICIENTLY PLEAD PRE-SUIT DAMAGES BEFORE MAY 11, 2026

The Opposition points to nothing in the FAC or its newly introduced April 10, 2026 Letter (D.I. 32, Ex. 1) providing any factual allegations that Navitas had actual notice of its purported infringement ***of the '005 Patent*** and only shows that further amendment of Count III would be futile. Opp. at 17-20.

There is no dispute that "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. v. Buckeye Steel Castings*, 24 F.3d 178, 187 (Fed. Cir. 1994) (quoted by Mot. at 17; Opp. at 17). Navitas' Motion explained the FAC is insufficient because it never specifically alleges the April 10, 2026 Letter put Navitas on notice of the alleged infringement ***of the '005 Patent***. Mot. at 17-18; FAC ¶¶ 37-38, 59. Indeed, the Opposition points to nothing in the FAC showing it did. Opp. at 18-19.

The Opposition's belated attempt to introduce its April 10, 2026 Letter only confirms it failed to provide actual notice of Navitas' infringement of the '005 Patent. Opp. at 18-19; D.I. 32, Ex. 1. Not only does this letter omit any infringement analysis, it never formally charges any

Navitas product of infringing the ’005 Patent. D.I. 32, Ex. 1. In fact, the letter never uses any variant of the word “infringement,” *see id.*, and the Opposition’s discussion is careful never to say it does, *see* Opp. at 19. As the Opposition acknowledges, Navitas contemporaneously pointed out that Wolfspeed’s April 10, 2026 Letter never provided a “legally recognizable infringement analysis.” Opp. at 4 (quoting D.I. 32, Ex. 2 at 1). Wolfspeed’s resort to Navitas’ July 2, 2026 response letter, Opp. at 19, responding *after* Wolfspeed finally provided “cursory patent claim charts enclosed with [its] May 11 letter,” D.I. 32, Ex. 4 at 1, only confirms Wolfspeed never provided a specific charge of infringement as of April 10, 2026.

Wolfspeed’s cited authority of *AlexSam* and *Guidance* both apply *Amsted* and do not establish notice. Unlike here, both decisions involved notice letters affirmatively charging defendant with infringement of the asserted patent. Opp. 17-18; *AlexSam*, 119 F.4th at 46-48 (letter specifically “identified the ’608 patent and notified Aetna of AlexSam’s view that Aetna’s [products] infringe claims of this patent”); *Guidance Endodontics v. Dentsply Sirona*, C.A. No. 25-1123, 2026 WL 2287895, *6-7 (D. Del. Aug. 10, 2026) (letter specifically “informed [defendant] that the accused Dentsply Files infringed the ’605 patent”).

Given the FAC has not pled actual notice, and the newly introduced April 10, 2026 Letter only reveals Wolfspeed never made any specific charge of Navitas’ infringement of the ’005 Patent, further amendment should be denied as futile. *See, e.g.*, *VDPP v. Volkswagen Grp.*, 186 F.4th 1372, 1376-78 (Fed. Cir. 2026).

## IV. CONCLUSION

Because the FAC fails to plausibly allege patent infringement in all Counts I-V, Navitas respectfully requests dismissal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

October 30, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2026, upon the following in the manner indicated:

Andrew C. Mayo, Esquire *VIA ELECTRONIC MAIL*
Jeffrey J. Lyons, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

*Attorneys for Plaintiff*

Blaney H. Harper, Esquire *VIA ELECTRONIC MAIL*
Nicole A. Paige, Esquire
JONES DAY
2727 North Harwood Street, Suite 600
Dallas, TX 75201

Evan P. Tassis, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001

Eamon M. Heaney, Esquire
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303

*Attorneys for Plaintiff*

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)