IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WOLFSPEED, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 26-818 (GBW) |
| NAVITAS SEMICONDUCTOR CORPORATION, NAVITAS SEMICONDUCTOR IRELAND, LLC; GENESIC SEMICONDUCTOR LLC; and NAVITAS SEMICONDUCTOR USA, INC., | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO STAY PENDING REEXAMINATION**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663


November 17, 2026

## TABLE OF CONTENTS

I. ARGUMENT ..... 1

A. A Stay Is Warranted Under Applicable Law ..... 1

B. This Motion Is Neither Premature Nor Seeking An Indefinite Stay ..... 2

1. It Is Not Premature To Stay The Case With Reexamination Orders Imminent ..... 2

2. Patent Office Statistics Show A Stay Is Not Indefinite ..... 4

3. The Patent Office Issues Reliable Statistics And Is Unlikely To Terminate Reexamination Under Section 325(d) Here ..... 4

C. Factor 1: The Opposition Concedes Reexamination Will Simplify This Patent Dispute ..... 6

D. Factor 2: There Is No Dispute This Case Is In Its Infancy ..... 9

E. Factor 3: The Opposition Raises No Undue Prejudice ..... 9

II. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

*Abbott Diabetes Care v. DexCom*,
C.A. No. 06-514-GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ................................6

*APTIV v. Microchip*,
C.A. No. 23-307-JDW, 2026 WL 632231 (D. Del. Mar. 6, 2026) ....................................8

*Belden Techs. v. Superior Essex Commc'ns*,
C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sep. 2, 2010) ......................................3

*Cellectis S.A. v. Precision Bioscis.*,
883 F. Supp. 2d 526 (D. Del. 2012) ........................................................................................3

*Cooper Notification v. Twitter*,
C.A. No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ..................................2

*Cronos Technologies v. Expedia*,
C.A. No. 13-1538-LPS, 2016 WL 1089752 (D. Del. Mar. 21, 2016) ...............................7

*Dental Monitoring v. Get-Grin Inc.*,
C.A. No. 22-647-WCB, 2024 WL 1603403 (D. Del. Apr. 9, 2024) ..................1, 3, 6, 8, 9

*Ever Win Int'l v. RadioShack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012) .........................................................................4, 6, 8, 9

*IOENGINE v. PayPal Holdings*,
C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...............................8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ..................................................................................................................2

*Mission Abstract Data v. Beasley Broadcast*,
C.A. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) .................................8

*Neste Oil Oyj v. Dynamic Fuels*,
C.A. No. 12-662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013) ...................................3

*Neste Oil Oyj v. Dynamic Fuels*,
C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .................................3

*SenoRx v. Hologic,*
C.A. No. 12-173-LPS, 2013 WL 144255 (D. Del. Jan. 11, 2013) .....................................9

*TTI Consumer Power Tools v. Lowe's Home Centers*,
C.A. No. 22-673-CFC, 2022 WL 16739812 (D. Del. Nov. 7, 2022) ............................6, 7

**OTHER AUTHORITIES**

35 U.S.C. § 316 ....................................................................................................................8

35 U.S.C. § 325 ................................................................................................................4, 5

The Court may exercise its discretion to stay the case pending reexamination challenging all five asserted patents because the Opposition agrees with the grounds for Navitas' Motion:

1. Reexamination will simplify this five-patent dispute: "whatever Wolfspeed surrenders before the Patent Office to secure an amended claim, it cannot reclaim in this Court." D.I. 36 ("Opp.") at 11-12. "The scope of this case can only shrink, not grow, as a result of reexamination," Opp. at 12, and in reexaminations "61.0% end with claims changed" and "16.1% end with all claims cancelled," Opp. at 14.

2. The reexaminations are now well underway, yet nothing has happened in this case. "Wolfspeed does not dispute that this case is at an early stage," Opp. at 15, and "little has been invested in the litigation," Opp. at 16.

3. Wolfspeed shows no prejudice resulting from a stay. Filing early provides no tactical advantage: Wolfspeed does not dispute just "how quickly [Navitas] filed their requests and Motion," Opp. at 19, only "[t]he following week" after Navitas "filed EPR requests on all claims of the five patents-in-suit." Opp. at 3. No competitive harm will result given "other firms also compete in the market" and "Wolfspeed has not sought a preliminary injunction." Opp. at 17.

Wolfspeed's assorted, inaccurate arguments that a stay is premature or of indefinite duration only demonstrate that a stay is warranted here.

# I. ARGUMENT

## A. A Stay Is Warranted Under Applicable Law

The parties largely agree on the legal framework here: "[a] stay is discretionary," Opp. at 3, and "this District weigh[s the] three stay factors" set forth in the Motion, Opp. at 4; Mot. at 4. The Opposition does not dispute that this District applies "a 'liberal policy in favor of issuing stays pending post-grant proceedings' such as reexamination." Mot. at 4 (quoting *Dental Monitoring v. Get-Grin Inc.*, C.A. No. 22-647-WCB, 2024 WL 1603403, at *5 (D. Del. Apr. 9, 2024)).

However, the Opposition inaccurately asserts that a stay requires "a clear case of hardship or inequity in being required to go forward." Opp. at 3 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). But "[n]owhere did the [*Landis*] Court state that a showing of hardship or inequity in proceeding with litigation is an absolute requirement for a stay." *Cooper Notification v. Twitter*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010) (citing *Landis*, 299 U.S. at 255). Indeed, "the overall balance could be tipped in favor of a stay even if proceeding with the litigation will cause no undue hardship or prejudice to the party seeking a stay." *Id.* Wolfspeed describes *Landis* as standing for the proposition that "a stay that lacks defined limits is 'immoderate,'" Opp. at 4 (quoting *Landis*, 299 U.S. at 257), but the stay here has a defined limit because it is likely to last under 18 months, Wolfspeed Ex. 2 at 2 (latest average pendency of ordered reexamination is "16.84" months); *infra* § I.B.

The Motion has more than shown a stay is warranted here.

**B. This Motion Is Neither Premature Nor Seeking An Indefinite Stay**

The Opposition opens with a potpourri of points outside this District's three-factor stay analysis addressed in this section. *See* Opp. at 4-8. None of these are relevant; thus, the Court may skip to Sections C-E addressing stay factors 1-3.

**1. It Is Not Premature To Stay The Case With Reexamination Orders Imminent**

Wolfspeed argues that staying the case is premature, Opp. at 4-5, yet there is no serious dispute the Patent Office will decide imminently whether to issue reexamination. Wolfspeed's own cited data shows the "Average Months from Filing" to ordering *ex parte* reexamination are "2.41" months, or "2.10" months for a denial. Wolfspeed Ex. 2 at 2. Given the reexamination requests were filed in mid-October 2026, the Patent Office's decisions could issue by December

2026, *see id*., or by January 2027 at the latest, 35 U.S.C. § 303(a) (three-month statutory deadline to order reexamination).

The reexaminations are already well underway: Wolfspeed filed its initial responses to three of the reexaminations as of the filing of this Reply. Wolfspeed wrongly asserts that a stay is warranted only when reexamination is "substantially completed." Opp. at 5. Unlike here, *Belden* and *Cellectis* denied stays where the litigation was at an advanced stage. *Belden Techs. v. Superior Essex Commc'ns*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sep. 2, 2010) (denying stay requested "eleven days before trial"); *Cellectis S.A. v. Precision Bioscis.,* 883 F. Supp. 2d 526, 534 (D. Del. 2012) (discovery "nearing completion"). Indeed, courts in this District grant stays for reexaminations in the early stages. *See, e.g.*, *Dental Monitoring*, 2024 WL 1603403, at *7 (stay sought when "fact discovery had not closed"); *Neste Oil Oyj v. Dynamic Fuels*, C.A. No. 12-662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) ("*Neste II*") (reexamination filed "less than three months after this case was commenced, and the defendants filed the present motion only five days later").

Wolfspeed's effort to limit *Neste* to IPRs is insufficient. Opp. at 5 (citing *Neste Oil Oyj v. Dynamic Fuels*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (*Neste I*)). First, it ignores that the Motion cited two *Neste* decisions, addressing a stay pending IPR and reexamination, respectively. *See* Mot. at 5, 7 (citing *Neste I* and *Neste II*). It also ignores that courts apply the same stay analysis for Patent Office administrative proceedings, including IPRs and reexaminations. *Dental Monitoring*, 2024 WL 1603403, at *4 ("courts have applied similar stay analysis in the context of reexaminations" and "*inter partes* review"). Indeed, Wolfspeed's own exhibits characterized the recent drop in Patent Office IPR filings in favor of reexamination

as simply representing "a migration between two different forums" for "administrative patent challenges." Wolfspeed Ex. 4 at 2.

The Opposition provides no compelling reason for the Court to delay a stay until after reexamination is ordered and the first office action issues. *See* Opp. at 7-8. The Patent Office statistics show a high likelihood of claims being amended or canceled if reexamination is ordered. Navitas Ex. 6 at 2. Given the Opposition's inability to explain how the first office action could provide any superior outcome-predictive value and unwillingness to identify asserted claims at this juncture, this argument is unavailing. *See* Opp. at 7-8.

### 2. Patent Office Statistics Show A Stay Is Not Indefinite

Wolfspeed argues that pausing the case pending reexam will "stay this case indefinitely." Opp. at 1; *id.* at 6 (asserting an "open-ended stay"). Hardly so. In the unlikely event that no reexamination is ordered for any patent-in-suit, Mot. at 4-5, the stay would not extend past January 2027. If ordered, reexamination is likely to resolve rapidly: Wolfspeed's own cited Patent Office statistics show average pendency of reexamination in FY2026 is dropping rapidly, with the Patent Office issuing the reexamination certificate "16.84" months after filing. Wolfspeed Ex. 2 at 2; Wolfspeed Ex. 4 at 7 ("Average pendency to a notice of intent to issue a reexamination certificate was about 16 months overall and approximately 12 months where no appeal was filed."). Regardless, any "delay from reexamination 'does not, by itself, amount to undue prejudice.'" *Ever Win Int'l v. RadioShack Corp.*, 902 F. Supp. 2d 503, 509 (D. Del. 2012) (citation omitted).

### 3. The Patent Office Issues Reliable Statistics And Is Unlikely To Terminate Reexamination Under Section 325(d) Here

The Opposition attempts to distract from the statistics showing that reexamination is likely where every claim of every challenged patent is sought. *See* Opp. at 8-14. Yet Wolfspeed admits reexamination will be ordered "if a substantial new question is found for even a single claim." *Id.*

at 14. Indeed, the Opposition agrees reexamination will be ordered and this case stayed, arguing that "Defendants' statistics indicate that this case is coming back" to this District after reexamination. *Id.* As explained below, Wolfspeed's suggestions that the Court ignore the Patent Office's statistics or speculate these reexaminations may be one of the "very few EPRs… denied under 35 USC section 325(d)," Wolfspeed Ex. 4 at 9, should be rejected.

Wolfspeed incorrectly asserts that the Patent Office's FY2025 statistics showing a 92.7% grant rate are "wrong and out of date." Opp. at 12. It claims that "grant rates have dropped sharply" since April 2026, *id*. at 13 (citing Wolfspeed Ex. 4 at 10), yet its Exhibit 4 characterized that month as a "temporary[] trough" that quickly "recovered" with "an 88% rate for July," Wolfspeed Ex. 4 at 10. Wolfspeed does not dispute that the 92.7% grant rate is the Patent Office's official statistic, *see* Opp. at 12; Navitas Ex. 6 at 1, and Exhibit 4 also cites this same "92.7% order rate" from "fiscal year 2025," Wolfspeed Ex. 4 at 10. Wolfspeed's FY2026 Patent Office statistics also show a 91.4% grant rate. Wolfspeed Ex. 2 at 1 (Patent Office ordering *ex parte* reexamination in "906" requests and issuing denials in "85").

The Opposition next speculates that even if ordered, the reexaminations may be terminated under Section 325(d). Opp. at 6-7. That is highly unlikely here where Navitas has not previously sought post-grant review and only requested one reexamination per asserted patent. *See* 35 U.S.C. § 325(d) (governing multiple Patent Office proceedings involving the same patent). Wolfspeed's own exhibit confirms that a Section 325(d) denial is remote. Wolfspeed Ex. 4 at 9 ("Historically, very few EPRs have been denied under 35 USC section 325(d)…."). Unlike here, *In re Bain* was eligible for Section 325(d) dismissal because the requester sought "four requests for streamlined *ex parte* reexamination" of the same patent, before seeking a fifth. *See* Wolfspeed Ex. 1 at 2-3.

### C. Factor 1: The Opposition Concedes Reexamination Will Simplify This Patent Dispute

The Opposition does not seriously dispute that reexamination proceedings will simplify this case. Wolfspeed admits that "[t]he scope of this case can only shrink, not grow, as a result of reexamination," Opp. at 12, and has no answer for authority holding that all "possible outcomes" of reexamination support simplification of a patent dispute. Mot. at 5 (citing *Ever Win*, 902 F. Supp. 2d at 505-06; *Abbott Diabetes Care v. DexCom*, C.A. No. 06-514-GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007)).

There is no dispute that the Patent Office reports a "92.7% grant rate" for reexaminations, and for those "61.0% end with claims changed" and "16.1% end with all claims cancelled." Opp. at 14; *see also* Navitas Ex. 6 at 1-2. Amended or cancelled claims narrow the issues for trial. *Ever Win*, 902 F. Supp. 2d at 505-06 (simplification for "[w]hatever outcome occurs" in reexamination "either by reducing the number of claims at issue… or narrowing the scope of a modified claim"); *Dental Monitoring*, 2024 WL 1603403, at *6 ("[T]he high likelihood that at least some of the claims will be canceled or modified weighs in favor of a stay."). Wolfspeed's exhibit agrees that "[r]e-examination can alter the litigation even without cancelling every asserted claim" because an "amended claim may no longer cover the accused product or may give rise to intervening[ ]rights" or a "prosecution statement may narrow a disputed term." Wolfspeed Ex. 4 at 7.

The Opposition argues that there is no simplification because infringement, damages, and other defenses may still need to be decided. Opp. at 14-15. This argument collapses because of the Opposition's admission that "whatever Wolfspeed surrenders before the Patent Office to secure an amended claim, it cannot reclaim in this Court." *Id.* at 11-12. Indeed, these other issues will never need to be addressed for canceled claims, and litigating these issues for claims that are a moving target in reexamination is the opposite of simplification: a complete waste of time. *TTI*

*Consumer Power Tools v. Lowe's Home Centers*, C.A. No. 22-673-CFC, 2022 WL 16739812, at *1 (D. Del. Nov. 7, 2022); Wolfspeed Ex. 4 at 7. Unlike here, *Cronos Technologies v. Expedia* denied a stay due to the volume of work already completed: a trial date had been set, discovery was complete, and "the parties' filed their case dispositive motions and *Daubert* motions." C.A. No. 13-1538-LPS, 2016 WL 1089752, at *1-2 (D. Del. Mar. 21, 2016) (cited by Opp. at 14).

Wolfspeed offers that "[a]mendment makes it far more likely that claims will emerge from reexamination intact or narrowed," Opp. at 11, and proposes a second round of claim construction for narrowed claims: "if an amendment or statement during reexamination bears on the meaning of a claim term, ***the Court can address it*** through targeted supplemental claim construction," *id.* at 12 (emphasis added). Wolfspeed's proposal only underscores the inefficiency of litigating claims that are changing in reexamination: "If all or some of the asserted claims are modified, this could render much of the parties' and Court's resources wasted—if, for instance, the Court construes claim terms that are subsequently eliminated by amendment in the reexamination." *TTI Consumer*, 2022 WL 16739812, at *1 (citation omitted).

Wolfspeed argues that reexamination is not "interchangeable" with *inter partes* review (IPR). Opp. at 1; *see id.* at 5. They largely are the same for purposes of a stay analysis: "given the close parallels between *inter partes* review and other forms of post-grant proceedings, courts have applied similar stay analysis in the context of reexaminations, such as the *ex parte* reexamination at issue in this case." *Dental Monitoring*, 2024 WL 1603403, at *4. Indeed, Wolfspeed's own exhibits noted the recent drop in IPR filings and increase in reexaminations simply represented "a migration between two different forums" for "administrative patent challenges." Wolfspeed Ex. 4 at 2. Wolfspeed's inaccurate statement that amendment is only

allowed in reexamination reveals its unfamiliarity with the basics of administrative patent challenges. Opp. at 10; *see* 35 U.S.C. § 316(d) (permitting claim amendment in IPRs).

Wolfspeed also argues no simplification due to the unavailability of reexamination estoppel. Opp. at 9-10. But Wolfspeed admits lack of estoppel "is always true with regard to *ex parte* reexamination proceedings," *id.* at 9 (quoting *Ever Win*, 902 F. Supp. 2d at 506), and ignores this District's prior decision issuing stays pending reexamination, *Dental Monitoring*, 2024 WL 1603403, at *4 (collecting cases and noting "courts in many other cases have noted, and acted on, the liberal policy in favor of issuing stays pending post-grant proceedings"). Even if claims survive reexamination, "the Court will have the benefit of the PTO's expertise and views on the prior art, which can help focus and streamline the Court's review of issues surrounding that art later in this litigation." *Ever Win*, 902 F. Supp. 2d at 506-07.

Wolfspeed's only authorities from this District show that estoppel is not a prerequisite to a stay. *APTIV v. Microchip* rejected a *second* stay for a case deep in litigation after previously staying the case for unsuccessful IPRs. C.A. No. 23-307-JDW, 2026 WL 632231, at *3-4 (D. Del. Mar. 6, 2026) ("I have already stayed this case once...."). *Mission Abstract Data v. Beasley Broadcast* did not require estoppel as a predicate for stay, and addressed a different scenario of defendant requesting a stay based on reexaminations filed by a third party. C.A. No. 11-176-LPS, 2011 WL 5523315, at *1 (D. Del. Nov. 14, 2011). *IOENGINE v. PayPal* does not help Wolfspeed because the Court granted the stay and rejected the "full estoppel" plaintiff demanded. C.A. No. 18-452-WCB, 2019 WL 3943058, at *11 (D. Del. Aug. 21, 2019) (cited by Opp. at 9-10).

Finally, the Opposition argues no simplification because "the asserted claims… are at present unknown," Opp. at 8, and there is no way to tell whether the "reexamination will reach the claims at issue," *id.* at 15; *see also id.* at 1 ("unknown… which claims will be asserted at trial").

Wolfspeed should know the patent claims it is asserting here, and regardless the reexaminations address all claims of all patents-in-suit.

### D. Factor 2: There Is No Dispute This Case Is In Its Infancy

The Opposition admits this factor is met: "Wolfspeed does not dispute that this case is at an early stage," Opp. at 15, and "little has been invested in the litigation," *id.* at 16.

### E. Factor 3: The Opposition Raises No Undue Prejudice

The Opposition raises no cognizable undue prejudice warranting denial of a stay. First, Wolfspeed complains that "[t]he delay would also be long," yet does not dispute that "delay alone is not undue prejudice." Opp. at 18; *see also* Mot. at 7 (citing *Ever Win*, 902 F. Supp. 2d at 509). Wolfspeed shows no unfair tactical advantage from Navitas seeking reexamination early: "Wolfspeed does not dispute that this case is at an early stage," Opp. at 15, and acknowledges that Navitas "quickly filed their requests and Motion," *id.* at 19. Wolfspeed also shows no urgency: the accused products are not newly announced, and Wolfspeed's asserted U.S. Patent No. 8,169,005 expires this week.

Nor does Wolfspeed show any competitive harm resulting from a stay. It argues that "Wolfspeed and Defendants are direct competitors," Opp. at 16, yet its own cited authority explains that the mere fact that "the parties are direct competitors… does not go far enough" to establish undue prejudice, *SenoRx v. Hologic,* C.A. No. 12-173-LPS, 2013 WL 144255, at *8 (D. Del. Jan. 11, 2013) (finding undue prejudice where parties "are the only two companies that participate in the balloon brachytherapy market" and "it is very clear that the level of competition between the parties is acute") (cited by Opp. at 17). Here, there is no dispute that "other firms also compete in the market" for wide-bandgap semiconductors, and "Wolfspeed has not sought a preliminary injunction," Opp. at 17, revealing Wolfspeed is not facing irreparable harm, *see* Mot.

at 8 (quoting *Dental Monitoring*, 2024 WL 1603403, at *9 (not seeking preliminary injunction undermines argument of severe undue prejudice)).

## II. CONCLUSION

Wolfspeed's opposition does not dislodge Navitas' showing that a stay is warranted here to simplify this patent dispute. Navitas respectfully requests the Court grant its Motion to Stay.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jennifer Ying (#5550)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michelle E. Armond
Monica M. Arnold
ARMOND WILSON LLP
100 Bayview Circle, Suite 300
Newport Beach, CA 92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin TX, 78750
(512) 267-1663

November 17, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 17, 2026, upon the following in the manner indicated:

Andrew C. Mayo, Esquire
Jeffrey J. Lyons, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Blaney H. Harper, Esquire
Nicole A. Paige, Esquire
JONES DAY
2727 North Harwood Street
Suite 600
Dallas, TX 75201
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Evan P. Tassis, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
*Attorney for Plaintiff*

*VIA ELECTRONIC MAIL*

Eamon M. Heaney, Esquire
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
*Attorney for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)